TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellant,

v.

Vernon R. SINGLETON, Appellee.

No. 16271.

Court of Civil Appeals of Texas, San Antonio.

June 18, 1980.

Rehearing Denied April 30, 1981.

Robert F. Begert, Burford & Ryburn, Dallas, for appellant.

Stanley Eisenberg, San Antonio, for appellee.

## OPINION

CADENA, Chief Justice.

Vernon R. Singleton filed this suit in a district court of Bexar County to mature and enforce an award of the Industrial Accident Board. Defendant, Texas Employers' Insurance Association, the compensation carrier, appeals from a judgment in favor of plaintiff.

Plaintiff, a resident of Victoria County, was injured in LaVaca County.

On April 28, 1975, the Industrial Accident Board made its final ruling and award and defendant timely filed suit in a district court of Dallas County on May 19, 1975, to set aside the award. Plaintiff was served with citation and filed an answer, consisting of only a general denial, on June 19, 1975. On June 24, 1975, defendant filed its motion to take a nonsuit in the Dallas County case.

This motion was granted on the same day, without notice to plaintiff.

Defendant insists that when it filed its suit in Dallas County to set aside the award of the Board and plaintiff filed an answer in such suit, the award of the Board was abrogated and the subsequent taking of a nonsuit by defendant did not have the effect of reinstating the award. Therefore, defendant argues, when plaintiff filed his separate suit to enforce the award in Bexar County there was no award in existence which could be enforced or matured and the trial court erred in entering judgment in favor of plaintiff based on a nonexisting award.

Defendant's contention is based on the holdings in *Zurich General Accident & Liability Ins. Co. v. Rodgers*, 128 Tex. 313, 97 S.W.2d 674 (1936); *Texas Reciprocal Ins. Ass'n v. Leger*, 128 Tex. 319, 97 S.W.2d 677 (1936); and *Hardware Mutual Casualty Co. v. Clark*, 360 S.W.2d 921 (Tex.Civ.App.— Waco 1962, writ dism'd).

Defendant overlooks the fact that the rule applied in the cases on which it relies was abrogated in 1975 by enactment of what is now Article 8307d, Tex.Rev.Civ. Stat.Ann. (Vernon Supp. 1979). This statute provides:

> At any time before the jury has retired in the trial of a workmen's compensation case on appeal from an award of the Industrial Accident Board, the plaintiff may take a nonsuit after notice to the other parties to the suit and a hearing held by which time all parties must perfect their cause of action, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief. When the case is tried by the judge of a district or county court, such nonsuit, after notice and hearing, may be taken at any time before the decision is announced.

█ The curative statute became effective on June 19, 1975, the date on which plaintiff filed its answer in the Dallas County case and five days before defendant's motion for nonsuit was filed and granted. Under the unequivocal wording of the statute, plaintiff was entitled to notice and a hearing before defendant could take a nonsuit. Since the procedure prescribed by the statute was not followed, plaintiff's right to enforce the award was not affected by the proceedings in the Dallas County district court.

Tex.Rev.Civ.Stat.Ann. art. 8307, § 5 (Vernon Supp. 1977), hereinafter referred to by section, provides that a suit to enforce an award of the Industrial Accident Board may be brought either in the county where the injury occurred or in the county of the claimant's residence. Since plaintiff is a resident of Victoria County and the injury occurred in LaVaca County, defendant contends that the district court of Bexar County lacked jurisdiction of the suit to enforce the award and that defendant's plea to the jurisdiction should have been granted and the suit should have been dismissed.

In *Mingus v. Wadley*, 115 Tex. 551, 560, 285 S.W. 1084, 1088 (1926), the "venue provisions" of sections 5 and 5a of Article 8307 were declared to be "mandatory and jurisdictional." The discussion of the problem in *Mingus* is concerned primarily with section 5 which, at the time of that decision, provided that a party desiring to set aside the award of the Board "shall," within 20 days after giving notice of his dissatisfaction with the award, "bring suit in the county where the injury occurred" to set aside the award. The Texas Supreme Court held that only a court in the county where the injury occurred had jurisdiction of a suit to set aside the award.

The reasoning upon which the Supreme Court based its holding concerning the effect of section 5 may be summarized as follows:

1. Where, as in the case of a compensation proceeding, the rights and remedies involved are purely statutory, as distinguished from common law rights and remedies, the statutory provisions "are mandatory and exclusive, and must be complied with in all respects or the action is not maintainable." 285 S.W. at 1087. Where a statute creates a right and provides a reme-

dy for its enforcement, the remedy is exclusive, and where the statute "confers jurisdiction upon a particular court, that jurisdiction is exclusive." 285 S.W. at 1088.

2. Under section 5, the dissatisfied party "shall," within the time prescribed, bring his suit to set aside the award in the county in which the injury occurred. Chief Justice Cureton said, "The language used is mandatory and its purpose evident." 285 S.W. at 1087.

3. In a suit to set aside an award, the claimant must prove the facts and circumstances of his injury, his status as an employee, and that, at the time of the injury, he was acting within the scope of his employment. These facts may be established with less trouble and expense in the county where the injury occurred than in any other county. 285 S.W. at 1087.

4. Since compensation statutes are to be "liberally construed" to effectuate their beneficial purposes, it must be concluded that the legislature, in specifying the county of injury as the county in which a suit to vacate an award "should be filed," intended the exclusive specification to be jurisdictional. 285 S.W. at 1087.

5. The portion of the opinion which concerned itself with section 5a, applying to suits to enforce an award, consists of four sentences. Essentially, the first reason given for holding that the "venue provisions" of section 5a are "mandatory and jurisdictional" was that these two sections (5 and 5a) should be given the same construction because they "are part of the same act, relating to the same subject-matter, are both specific and different from the general venue statutes, and should be given a consistent construction, as they have a consistent purpose." The conclusion that the provisions of section 5a were jurisdictional was said to be consistent with the rule that where a right and remedy is purely statutory and the applicable statute confers jurisdiction upon a particular court, jurisdiction is exclusive. 285 S.W. at 1088.

In 1931 the Legislature enacted what is now Article 8307a, which provides that where a suit to set aside an award is filed in a county other than one specified in section 5 of Article 8307 the court in which the suit is filed, upon ascertaining that it has been filed in the wrong county, shall transfer the case to the proper county. Tex.Rev.Civ. Stat.Ann. art. 8307a (Vernon Supp. 1980).

In *Federal Underwriters Exchange v. Pugh*, 141 Tex. 539, 542–43, 174 S.W.2d 598, 600–01 (1943), the supreme court held that because of the enactment of Article 8307a, a court in a county other than that specified in section 5, otherwise having jurisdiction of the subject matter of the litigation, now has potential jurisdiction of "workmen's compensation cases."

There can be no doubt that *Mingus* has lost all precedential weight insofar as it held that the "venue provisions" relating to suits to set aside awards are "mandatory and jurisdictional."

The *Mingus* holding that only the courts specified in section 5a of Article 8307 had jurisdiction of a suit to enforce an award was based on the reasoning that (1) sections 5 and 5a should be given the same interpretation and (2) where a statute that creates a right and a remedy for its enforcement "confers jurisdiction" upon a particular court, the jurisdiction is exclusive. *See Mingus v. Wadley*, 115 Tex. 551, 560, 285 S.W. 1084, 1088 (1926).

Today, it is no longer possible to give a consistent construction to sections 5 and 5a and still follow the *Mingus* holding concerning section 5a. Such consistency can be achieved only by holding that the venue provisions of section 5a are merely venue provisions. One of the two props supporting the conclusion that section 5a is a grant of exclusive jurisdiction has been sapped of the strength necessary to support this conclusion.

█ In concluding that section 5 was jurisdictional, the court in *Mingus* stressed the fact that section 5 provided that the person dissatisfied with the award "shall," within the time specified, file his suit in the county where the injury occurred. *See id.* at 559, 285 S.W. at 1087. As already pointed out, reliance on the use of "shall" cannot be

given as a reason for the conclusion that section 5a is mandatory, for that later provision recites that the claimant "may" file his suit in the counties named. *See* Tex. Rev.Civ.Stat.Ann. art. 8307, § 5a (Vernon 1967). The argument in *Mingus* that the trial of a suit to set aside an award requires proof of facts which may be more easily and conveniently established in the county where the injury occurred cannot be applied to cases involving suits to enforce an award. In a suit to enforce an award there is no trial de novo, as is the case where the suit is to set aside the award. Where the relief sought is enforcement, the issues decided by the Board are not before the court and the only questions to be decided are (1) that an award has been made by the Board; (2) that time for appeal has expired and the order of the Board has not been set aside and that no proceedings have been commenced to alter the award because of a change of conditions, mistake or fraud; and (3) that defendant has failed to comply with the award. *See Vestal v. Texas Employers' Insurance Association*, 285 S.W. 1041, 1043–45 (Tex.Comm.App.1926, judgmt adopted); 5 Texas L.Rev. 221, 222 (1927).

The rule that a grant of jurisdiction in a statute which creates rights and remedies unknown to the common law is an exclusive grant of jurisdiction, does not compel the conclusion reached in *Mingus* concerning the proper interpretation to be given section 5a. It can, perhaps, be persuasively argued that the right to compensation for on-the-job injuries, as outlined in the statute, the remedy calling for application to the Board for enforcement of the right, and the provisions relating to the review of the Board's decision are strictly statutory in nature. But the argument becomes less persuasive when it is applied to a suit to enforce the award.

There can be no doubt that an award of compensation by the Board which has not been set aside creates a duty on the insurer to pay. As pointed out in *Kinsey v. Northern Insurance Company*, 577 S.W.2d 353, 355 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n. r. e.), the Industrial Accident Board "has no enforcement powers, even of its own awards." The power of the courts to enforce a binding obligation to pay money cannot be classified as a remedy purely statutory in nature. Unless we are prepared to take the position that an injured employee who has been awarded compensation by the Board would have no means, in the absence of the provisions of section 5a, of compelling the insurer to pay, we must conclude that the employee's remedy would be by resort to the courts. The provisions of section 5a cannot be characterized as "conferring jurisdiction" on the courts. If the statute does not confer jurisdiction, the conclusion in *Mingus* that the jurisdiction conferred by the statute is exclusive, is unacceptable. *Cf. State v. Pounds*, 525 S.W.2d 547, 548 (Tex.Civ.App. —Amarillo 1975, writ ref'd n. r. e.) (provision in State Bar Act that no disbarment proceedings shall be instituted against any attorney except in a district court located in the county of the attorney's residence, relates only to venue and cannot be considered a grant of exclusive jurisdiction).

Since the principal reason for holding that section 5a is jurisdictional—the necessity for a consistent construction of section 5 and section 5a—given in *Mingus* is no longer applicable, we conclude that section 5a is no more than a venue provision.

The judgment of the trial court is affirmed.