**Marshalene Louise SMITH, Individually and as next Friend of Trevor Shane Smith and Olivia Leigh Smith, Appellant,**

v.

**CITY OF AUSTIN, Appellee.**

**No. 12–83–0094–CV.**

Court of Appeals of Texas, Tyler.

April 26, 1984.

Jeff Smith, Lyon & Smith, Mesquite, for appellant.

Malon B. Gary, Asst. City Atty., Austin, for appellee.

McKAY, Justice.

This is an appeal complaining of the refusal of the trial court to award a lump sum attorneys' fee in a worker's compensation death case. Lee Craig Smith, who was employed in the Police Department of the City of Austin, died as a result of a motorcycle accident. He was survived by his wife, Marshalene Louise Smith, and two of his minor children, Trevor Shane Smith and Olivia Leigh Smith. He was also survived by another son by a previous marriage, Steven Craig Smith, who was joined as a party plaintiff by the trial court. The Industrial Accident Board awarded full death benefits payable weekly, and attorneys' fees of twenty-five percent (25%) payable weekly were awarded. Both parties appealed. At the time of trial, the City of Austin admitted liability, and judgment was rendered for the widow and each of the minor children, and appellant was awarded an attorneys' fee of $40,000 payable in weekly installments of $24.79 per week.

Pursuant to a request the trial court made "Conclusions of Fact and Law," and the finding applicable to this appeal reads as follows:

The Court finds that $40,000.00 shall be the maximum amount payable to Jeff Smith, attorney for attorneys' fees and

that $40,000 is less than 25% of the maximum benefits payable to Marshalene Louise Smith, Trevor Shane Smith and Olivia Leigh Smith in the event Marshalene Louise Smith does not remarry and lives out her life expectancy. The finding that Jeff Smith should receive $40,000.00 in attorneys' fees was intended by this Court to limit the maximum recovered by Jeff Smith, attorney, rather than indicate any intention to award a lump sum attorneys' fee or indicate that there would be any basis in fact or in law for attorneys' fees payable in lump sum.

Appellant brings two points of error: No. 1, "The trial court committed error in awarding appellant's attorneys a limited fee of $40,000.00 to be paid on a weekly basis which action was in violation of Article 8306 § 7d and § 8"; No. 2, "The failure of the trial court to award appellant's attorneys a lump sum fee constituted an abuse of discretion." We discuss them together.

In appellant's brief it is admitted that "it is within the complete discretion of the trial court as to whether or not to award lump sum attorneys' fees in such a case," but the contention is made that once the trial court has determined to deny the request for lump sum attorneys' fees, under art. 8306 [1] §§ 7d and 8, the trial court has no authority to limit the total recovery of attorneys' fees to $40,000.00 and to order same to be paid in weekly installments. We disagree.

Article 8306 § 7d provides:

For representing the interest of any claimant in any manner carried from the Board to the courts, it shall be lawful for the attorney representing such interest to contract with any beneficiary under this law for an attorneys' fee for such representation, not to exceed twenty-five per cent (25%) of the amount recovered, *such fee for services so rendered to be fixed and allowed by the trial court* in which such matter may be heard and determined.

In fixing and allowing such attorneys' fee, the court *must take into considera-* *tion the benefit accruing to the beneficiary as a result of such services. No attorneys' fees* (other than the amount which the Board may have approved) *shall be allowed for representing a claimant in the trial court unless the court finds that benefits have accrued to the claimant by virtue of such representation,* and then such attorneys' fee may be allowed only on a basis of services performed and benefits accruing to the beneficiary.

Provided, however, that in all cases involving fatal injuries where the Association admits liability on all issues involved and tenders payments of maximum benefits in writing under this Act while the death benefits claim of such beneficiaries is pending before the Board, then no attorneys' fee shall be allowed. (Emphasis added.)

Appellant argues that the trial court was authorized only to fix an attorneys' fee expressed in terms of a percentage of the benefits to be received by the claimants on a weekly basis in the future up to the statutory maximum of 25%, but was not authorized to limit the maximum recovery of attorneys' fees to a dollar amount. The court found that the surviving widow had a life expectancy of 52.4 years, and if she did live that long she would receive as much as $324,151.00 over that period, and it is evident that 25% of that figure would be in excess of $80,000.

The trial court found "that no benefit accrued to Plaintiffs ... as a result of the appeal of this case from The Industrial Accident Board." Art. 8306 § 7d provides that the attorneys' fee in a worker's compensation case "be fixed and allowed by the trial court...."

■ The rule in Texas in worker's compensation cases seems to be settled that the amount of attorneys' fees and the method of payment of same are matters to be determined in the discretion of the trial court. *Texas Employers Insurance Association v. Motley,* 491 S.W.2d 395, 396–7

---

1. Articles refer to Texas Civil Statutes Annotated (Vernon).

(Tex.1973); *American States Insurance Co. of Texas v. Caddell*, 644 S.W.2d 884, 888 (Tex.App.—Tyler 1982, no writ); *Walters v. Fidelity & Casualty Company of New York*, 611 S.W.2d 934, 938 (Tex.App.—Eastland 1981, no writ).

The court said in *Texas Employers Insurance Association v. Motley, supra* at p. 397, "But this court has construed the rest of that Section [7d] to give the court *independent discretion as to the fixing of attorney's fees.*" (Emphasis added.)

█ We hold that the trial court did not abuse its discretion by awarding a fee of $40,000.00 to the attorney for claimants and ordering the same payable weekly. Appellant's points are overruled.

Judgment of the trial court is affirmed.

COLLEY, Justice, dissenting.

I respectfully note my dissent. I would sustain appellants' second point of error by which appellants claim that the trial court abused its discretion in refusing to award lump sum attorneys' fees. I have no quarrel with the rule that a trial judge has discretion independent of the jury in workers' compensation death benefits cases to determine both the amount and the method of payment of the beneficiary's attorneys' fees. I do not agree with the holding made by the majority that the trial court did not abuse its discretion in refusing to award lump sum attorneys' fees.

The posture of this case at trial is demonstrated by the following facts.

A death benefit claim was filed with the Industrial Accident Board by Marshalene Louise Smith, individually and as next friend for her two minor children, Trevor and Olivia, born as issue of her marriage to the deceased police officer. Attorney Jeff Smith represented Mrs. Smith before the Board and the court below. A claim was filed by Kathleen Geistman, the mother of Steven Craig Smith, a minor child, born as issue to the former marriage of Kathleen Geistman and the deceased. No attorney represented Mrs. Geistman or Steven before the Board.

The City of Austin denied liability on the claims for death benefits filed by all parties at all times from the date of Officer Smith's death on December 15, 1979, until the eve of a jury trial of the case scheduled for June 9, 1981. The Board on June 15, 1980, awarded the beneficiaries full death benefits. The City resolutely maintained before the Board at all times that the injuries received by Officer Smith were not the producing cause of his death. At the time of, and before the decision of the Board, the City had medical reports from at least two medical doctors stating in effect that Officer Smith's death was not related to the injuries he suffered while in the course and scope of his employment with the City. Jeff Smith produced before the Board a medical report from a medical doctor concluding that the injuries were in fact the producing cause of Officer Smith's death. Both the City and appellants filed the requisite notice of their respective intentions to file suit to set aside the award. On July 25, 1981, Jeff Smith, as authorized by his clients, and with his clients' consent, filed this suit to set aside the award as to his clients only. On July 28, 1981, the City filed its separate suit to set aside the award as to all parties before the Board. The suits were not consolidated for trial, but rather the trial court by written order, issued in response to the City's motion, joined the minor, Steven Craig Smith, as a party plaintiff in this cause without any objection by appellants.

The case was called for trial before a jury on June 9, 1981, whereupon the City, through counsel, informed the court on the record that "... the City of Austin is not contesting liability insofar as the workman's [sic] compensation case on file ... is concerned." Immediately after the City's admission of liability, a discussion on the record was had between the court and counsel respecting resolution of the issues remaining for trial in the cause before a judgment could be entered. The City, through its counsel on the record, further agreed to pay the statutory amount for funeral expenses as well as certain medical

expenses. Following the preliminary dialogue, the trial court conducted an evidentiary hearing for the purpose of providing it with a basis for the determination of the amount and method of payment of attorneys' fees to appellants' counsel. At the trial of those issues, appellant Mrs. Smith, Jeff Smith, her counsel, and Mickey Blanks, trial counsel for the minor, Steven Craig Smith, were produced as witnesses for appellants. Mrs. Smith's testimony demonstrates that she agreed to pay her attorneys a fee equal to twenty-five per cent of the benefits received in the suit on behalf of appellants. She testified that at all times she was desirous of obtaining a lump sum settlement of her claims and that she authorized the appeal from the Board's award in hope of obtaining a lump sum settlement. She asked the court to award her attorneys their fees in a lump sum. She also testified that her attorneys had incurred out-of-pocket expenses in the amount of $3,500 in pursuing her claim. The record shows that Mrs. Smith was 27 years old on the date of trial. Mrs. Smith was subjected to an argumentative, and at times, abusive cross-examination. The focus of the cross-examination was to attack her attorneys as incompetent because of their unawareness of certain case law controlling the circumstances under which lump sum awards in death benefit cases may be made, and the redistribution of death benefits upon the death or remarriage of the surviving spouse. The City's counsel, during the course of his cross-examination of Mrs. Smith, inferred that her attorneys had mistakenly represented to her that she could, by establishing hardship, secure a court judgment based on a jury verdict for lump sum benefits. Mrs. Smith's testimony clearly refutes such inferences, and she stated quite positively that she had been informed by her attorneys that she could receive lump sum benefits only by a settlement with the City while a bona fide dispute as to liability on the claims existed. Attorney Jeff Smith testified that he had represented appellants before the Board, procured medical witnesses whose testimony would support appellants' claim for death benefits, and otherwise prepared the case for trial to a jury, spending some 380 hours of his time and $3,500 of his own money on the case. The City's cross-examination of attorney Smith degenerated by reason of the conduct and statements of both the examiner and the witness into what the trial court properly characterized as an argument. Blanks in effect testified that he had invested little time and no money in preparation of the case for Steven Craig Smith. He testified that Jeff Smith had "carried the ball" for him and that he had agreed to accept a fee of 15% of his minor client's recovery ($1,991.64). This fee was awarded to Blanks in a lump sum by the trial judge.

Based on this evidence, the trial judge refused to award appellants' attorneys' fees in a lump sum. The City contends in this appeal, as it did at trial, that its appeal from the award was made only to protect itself against a double recovery because appellants suit did not name the minor Steven Craig Smith; and that unless the City had filed its suit the Board's award would have become final as to such child, citing in support of their argument *Latham v. Security Ins. Co. of Hartford*, 491 S.W.2d 100 (Tex.1972). Apparently, the trial court so concluded because it found that no benefits accrued to appellants by reason of the attorneys' services in the filing of the suit. (Transcript pp. 51 and 52, finding No. 12)

Under the record here, it appears that the City's suit was filed on the same date that process was served on the City in appellants' suit; and while the record is not clear as to whether the City had knowledge of appellants' suit at the time it filed its own suit to set aside the Board's award, the record strongly suggests that the City was not aware that appellants had in fact filed their suit. The City in its brief very carefully alleges that "after" appellants filed their suit the City filed its suit to set aside the award. The City produced no testimony and does not contend in this court that its suit was filed by an officer after that officer, or the officer responsible for making the decision to file, acquired

knowledge of appellants' suit. I have concluded that a review of the evidence amply demonstrates that the City, consistent with its earlier decision to defend the death benefits claims asserted by appellants and Steven Craig Smith, filed its suit without knowledge of appellants' suit. Such interpretation of the evidence is as well supported by the demonstrated cognizance of the City's legal department with the Supreme Court's opinion in *Latham v. Security Ins. Co. of Hartford, supra.* Under *Latham,* the City was *not* required to file a separate suit to set aside the Board's award as to Steven Craig Smith to protect against a double recovery. It could have, and did in fact, utilize the second and third rules enunciated by the court in *Latham* by timely joining Steven Craig Smith as a party to appellants' suit. I find it significant that the City's suit sought to set aside the award as to *all* parties and was not limited to Steven Craig Smith. Under my view of the evidence, the trial court's finding No. 12, above noted, is without support in the evidence. Additionally, because of the facts and law just discussed, the City's argument that appellants' attorneys advised Mrs. Smith to file the suit for the sole purpose of attempting to secure an award to them of a lump sum attorneys' fees, if true, is immaterial because appellants would obviously require trial counsel to prosecute their claims which had been removed to the court for a trial de novo by the City. If indeed the City's appeal was undertaken solely for the purpose of avoiding a double recovery by Steven Craig Smith, why did the City wait to admit liability on the claims from August 25, 1980 (the time of the joinder of Steven Craig Smith in this action), until the case was called for trial in June 1981?

While the determination of reasonable attorney's fees in a workers' compensation case, as well as the method of payment thereof, is committed to the sound judicial discretion of the trial judge, such discretion is not absolute or unreviewable. Appellate courts have a duty to review the exercise of that discretion when it is challenged on appeal. A determination on appeal as to whether or not a judge has abused his discretion must necessarily depend upon the facts as well as the nature of the case. In workers' compensation cases, and especially in death benefit cases, that determination is an important aspect of the case. In my opinion, in this case, the trial court should have exercised its discretion in favor of the award of a lump sum attorneys' fee.

Considering the evidence as shown in this record, I have concluded that in considering appellants' point of error No. 2, that this court should, as it has done in the past,[1] take judicial notice of the publication entitled "Texas Units Statistical Planned Determination of Incurred Losses for Life Pension Cases—Table 1 Widow's Pension Table" which has been approved and certified as correct by the Texas Industrial Accident Board. *Texas Employers Ins. Association v. Clapper,* 605 S.W.2d 938, 943 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ); *Texas Employers Ins. Association v. Dryden,* 612 S.W.2d 223, 225 (Tex.Civ. App.—Beaumont 1980, writ ref'd n.r.e.).

The noticing of the above publication is proper. Any determination of the probability of the remarriage of a widow and the date of its occurrence is a difficult task; however, the determination thereof by reference to broad and sound statistical information gathered in a publication, such as here cited, surely is much more reliable than a necessarily arbitrary determination of the issues by a trier of the fact. The trial judge in finding that appellant Mrs. Smith would remarry, in the face of her protestations to the contrary, obviously took judicial notice of a well-known fact, viz., most young widows with small children remarry. He was correct; however, neither he, nor any other judge, trial or appellate, could determine on his own the exact date the remarriage would occur. Hence his finding that Mrs. Smith would remarry, standing alone, is entirely immaterial to the determination of the issues

---

1. *American States Ins. Co. v. Caddell,* 644 S.W.2d 884, 888 (Tex.App.—Tyler 1982, no writ).

before the court. It does not go far enough. Such facts and circumstances clearly demonstrate that it should be obligatory on our courts, to take judicial notice of the most reliable statistical works and publications dealing with the probability or expectancy of remarriage of widows available, when addressing such fact issues.[2] In so doing, and after a careful consideration of the evidence before the trial court bearing on appellants' point of error No. 2, I would sustain that point, holding that the trial court abused its discretion in refusing to award appellants' counsel a lump sum attorneys' fee and reverse that portion of the judgment below, which is the subject of this limited appeal, and remand for a retrial of the issue as to the method of payment only, since the amount of attorneys' fees is not at issue in this appeal.

---

**2.** Under the provisions of Art. 8306 Sec. 8(d), Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1984), in all suits filed on or after August 29, 1983, the court is mandated to award lump sum attorney's fees in death benefit cases.