**Leroy LISCHEFSKI, Appellant,**

v.

**NATIONAL SURETY CORPORATION, Appellee.**

**No. A14-84-429CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 13, 1984.

---

Cornelius Gibbs, Tulsa, Okl., for appellant.

Gordon M. Carver, III, Wyckoff, Russell, Dunn & Frazier, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

CANNON, Justice.

The Industrial Accident Board determined that the appellant was compensably injured and ordered payment of certain benefits. The insurance carrier paid the benefits ordered; no appeal was perfected. The appellant brought suit in the trial court to enforce the award as to medical charges incurred before the date of the Board's award. The trial court granted a summary judgment in favor of appellee. We affirm.

Appellant argues two issues. *First*, that the trial court erred because the pleadings and documents placed in issue a dispute as to material issues of fact. *Second*, the trial court erred in granting a summary judgment because the pleadings and documents placed in issue established a dispute as defendant's fraudulent conduct. This, the appellant argues, caused an omission of specified medical bills from the Industrial Accident Board.

We affirm the judgment of the trial court because appellee's cause of action

was a suit to *enforce* an award of the Industrial Accident Board. Since the award of the Board had been fully and finally satisfied the trial court lacked jurisdiction to entertain appellee's cause of action. Appellee's additional assertion of fraudulent conduct was a collateral attack upon the propriety of the Board's award. The judgment of the trial court is affirmed.

The Industrial Accident Board determined that the appellant was compensably injured and ordered payment of $7,876.24 less payments previously paid by the carrier in the amount of $1,995.00. The carrier paid a total of $5,881.24. The award was not appealed, and therefore became final.

Certain medical bills had been distributed to the appellee but were not submitted to the Industrial Accident Board. The appellant had earlier received one of the bills in the amount of $24.00 and appellee represented that it had been paid but later admitted that it "was apparently overlooked for payment."

Appellant's cause of action was brought in the trial court under Tex.Rev.Civ.Stat. Ann. art. 8307 § 5a (Vernon 1974). This section provides in part as follows:

In all cases where the Board shall make a final order, ruling or decision as provided in the preceding Section and against the association, *and the association shall fail and refuse to obey or comply with the same* and shall fail or refuse to bring suit to set the same aside as in said Section is provided, *then, in that event, the claimant* in addition to the rights and remedies given him and the Board in said Section *may bring suit* where the injury occurred, upon said order, ruling or decision. If he secures a judgment sustaining such order, ruling or decision in whole or in part, he shall also be entitled to recover the further sum of twelve per cent as damages in said judgment, together with a reasonable attorney's fee for the prosecution and collection of such claim. (emphasis added).

In appellant's first point of error the argument is that the trial court erred in granting summary judgment to Defendant, for the reason that the pleadings and documents on file, as placed in issue by Plaintiff's Response to Motion for Summary Judgment, established a dispute as to material issues of fact.

Appellant's second point of error is that the trial court erred in granting summary judgment to Defendant because the pleadings and documents on file established a dispute as to Plaintiff's material allegations and Defendant's fraudulent conduct caused omission of the specified medical bills from the I.A.B. award.

Both the appellant and the appellee have combined their argument relating to the two points of error. Our opinion will follow the same pattern.

■ Texas cases hold that collateral matters as to propriety of the award are not allowed under section 5a causes of action. The only matter properly before the court in such actions is the question of compliance with the IAB's award. *Texas Employers Insurance Association v. Singleton*, 616 S.W.2d 232 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.). In a suit to enforce an award of the Board there is no trial de novo as is the case with a suit to set aside an award. Where the relief sought is *enforcement*, the issues decided by the board are not before a court. Here the evidence is undisputed that the award has been made by the Board; that the time for appeal has expired and appellee has complied with the award. The appellee was entitled to a summary judgment as a matter of law.

The appellant further argues that the carrier's conduct in not submitting the medical bills to the Board and remaining silent estops the appellee from asserting a defense of non payment.

These arguments by appellant as to whether or not the carrier had a responsibility to forward the medical bills to the IAB, and waiver, and estoppel are all collateral attacks on the IAB ruling and are misplaced in a section 5a suit for enforcement. *Texas Employers Insurance Association v. Singleton*, 616 S.W.2d 232 (Tex.

App.—San Antonio 1980, writ ref'd n.r.e.). In *Vestal v. Texas Employers' Insurance Association*, 285 S.W. 1041 (Tex.Comm'n App.1926, opinion adopted) the court construes and interprets the statutory predecessor of 8307 sec. 5a but the principles followed in that case apply to the current amended statutes. *Texas Employers Insurance Association v. Singleton*, 616 S.W.2d 232 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.).

An award by the IAB which is not appealed as prescribed by the statute becomes final and unappealable. A section 5a proceeding is collateral to the award and cannot include an attack upon the final award, except to show that it was void for want of jurisdiction. *Gentry v. Travelers Insurance Company*, 459 S.W.2d 709 (Tex. Civ.App.—Houston [14th Dist.] 1970, writ ref'd n.r.e.). Points one and two are overruled.

The judgment of the trial court is affirmed.