L. Jean TAYLOR, Petitioner,

v.

The NORTH RIVER INSURANCE COMPANY, NEW JERSEY, Respondent.

No. C–3968.

Supreme Court of Texas.

July 17, 1985.

Cox and Bader, Bertran T. Bader, III, and William D. Cox, Jr., Dallas, for petitioner.

Larry Hayes, Dallas, for respondent.

PER CURIAM.

The sole issue for our consideration in this action for workers' compensation death benefits is the proper method of payment of attorneys' fees under TEX.REV. CIV.STAT.ANN. art. 8306 § 8(d). The trial court awarded attorneys' fees in a lump sum; the court of appeals, in an unpub-

lished opinion, reversed, ordering the trial court to make attorneys' fees payable periodically.

The Industrial Accident Board awarded death benefits to Mrs. L. Jean Taylor as the surviving spouse of Walter O. Taylor. The decedent's children had reached their majority and were not otherwise dependent so as to be entitled to any benefits. Respondent North River Insurance Company, the workers' compensation carrier for the decedent's employer, filed suit to set aside the Industrial Accident Board award, and Mrs. Taylor answered and filed her counterclaim for compensation. The insurance company answered with a general denial, amending six days before trial to admit that the decedent had received a fatal injury in the course and scope of his employment, and contesting the right of Mrs. Taylor to receive death benefits. The only issue submitted to the jury was whether a valid common-law marriage existed between the Taylors. The jury answered affirmatively. The trial court rendered judgment for Mrs. Taylor, and further ordered that attorneys' fees be paid in a lump sum. The court of appeals, finding that there was no contest as to liability which would authorize an award of attorneys' fees in a lump sum, ordered the trial court to modify its judgment to make the attorneys' fees payable periodically. We reverse.

The court of appeals' judgment as to the method of payment of attorneys' fees is in conflict with this court's opinion in *Stott v. Texas Employers Insurance Ass'n*, 645 S.W.2d 778 (Tex.1983), and TEX.REV.CIV. STAT.ANN. art. 8306 § 8(d). In *Stott*, this court made it clear that when a carrier forces a claimant to litigate a death benefits claim, a lump sum award of attorneys' fees is authorized. TEX.REV.CIV.STAT. ANN. art. 8306 § 8(d) (Vernon Supp.1985).

Pursuant to TEX.R.CIV.P. 483, we grant Mrs. Taylor's application for writ of error, and without hearing oral argument, reverse the court of appeals' judgment, and affirm the trial court's judgment.