Stephen F. HEFNER, Appellant,

v.

GRIEVANCE COMMITTEE FOR DISTRICT 1-A, STATE BAR OF TEXAS, Appellee.

No. 05-85-00604-CV.

Court of Appeals of Texas, Dallas.

April 4, 1986.

Phil Burleson, Burleson, Pate & Gibson, Dallas, for appellant.

Steven D. Peterson, Gen. Counsel, Adele M. Winn, Asst. Gen. Counsel, Austin, for appellee.

Before AKIN, GUILLOT and CARVER,[1] JJ.

CARVER, Justice (Retired).

Hefner appeals from a judgment in which the trial court found that his suit to set aside a private reprimand was not filed in the county of his residence (as required by the applicable statute) and dismissed his suit for want of jurisdiction. We conclude that the requirement of the statute that Hefner's suit be filed in the county of his residence was not a matter of "jurisdiction" but merely a matter of "venue." Since the Grievance Committee failed to challenge venue by compliance with the rules therefor, venue was waived and Hefner was entitled to a trial of his suit. Consequently, we reverse and remand.

The record reflects that the reprimand of Hefner was entered by the District 1–A Grievance Committee of the State Bar of Texas. Hefner timely sought to set aside the reprimand in accordance with SUPREME COURT OF TEXAS, RULES GOVERNING THE STATE BAR OF TEXAS art. XII, § 16(b) (Vernon 1973) which provides:

> (b) ... If the accused shall deem the reprimand unwarranted, *he may,* within ten days after delivery or mailing thereof, *file suit in the district court of the county of his residence* to set the same aside, failing which, the reprimand shall become final ... (emphasis added).

The Grievance Committee answered Hefner's suit with its "Defendant's Original Answer" which omitted any challenge to venue as permitted and required by rule 86 of the Texas Rules of Civil Procedure. Subsequently, the Grievance Committee filed its "Motion to Dismiss and Alternative Motion for Summary Judgment" urging that, since Hefner was not a resident of Dallas County, the trial court was without "jurisdiction" and an order of dismissal should be entered. While the record reflects the development of a summary judgment record by both parties, the trial court's judgment granted the motion to dismiss, not the summary judgment.

■ There is no prior decision directly addressing whether the provision of article XII, section 16(b) is "jurisdictional" or merely relates to "venue"; however, in *State v. Pounds,* 525 S.W.2d 547 (Tex.Civ. App.—Amarillo 1975, writ ref'd n.r.e.), the court reviewed the language used in the State Bar Act dealing with disbarment and held that all provisions fixing the place for disbarment proceedings (in the county of the attorney's residence) were merely "venue" provisions rather than "jurisdictional" provisions. Because no reasonable distinction can be made between these statutory provisions, we hold that the provision of article XII, section 16(b) fixing the county of residence of the reprimanded attorney as the place to seek to have his reprimand set aside is a "venue" provision rather than a "jurisdictional" provision. Our holding is also supported by *Texas Employers Insurance Association v. Singleton,* 616 S.W.2d 232 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.), in which the court held that the language of our Worker's Compensation Act[2] fixing the place for appeals from awards by the Industrial Accident Board as the county of the residence of the injured workman are "venue" provisions and not "jurisdictional" provisions.

■ Rule 86 requires that any challenge to proper venue be "made by written motion filed concurrently with or prior to the filing of the movant's first responsive pleading"; otherwise, improper venue, if any, is waived. Our record reflects that the Grievance Committee's "first respon-

---

1. The Honorable Spencer Carver, Justice, retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

2. TEX.REV.CIV.STAT.ANN. art. 8307, §§ 5, 6 (Vernon Supp.1977).

sive pleading" was its original answer. No challenge for improper venue was filed "prior to" or "concurrently with" the original answer. We can only conclude that complaint of improper venue of Hefner's suit, if any, was waived by the Grievance Committee. The venue issue, having been waived, could not be resurrected by the subsequent "Motion to Dismiss and Alternative Motion for Summary Judgment." The trial court was not entitled to consider the late filed and thus waived "objections to improper venue," and its judgment of dismissal was error.

We reverse and remand for trial on the question of whether Hefner's reprimand should be set aside. We assess all costs taxed in the trial court and in this court to the Grievance Committee.