WILK & FLINT, Appellants,

v.

The STANDARD FIRE INSURANCE COMPANY, Appellee.

No. 05–88–00551–CV.

Court of Appeals of Texas, Dallas.

Jan. 18, 1989.

Ted M. Akin, Thomas M. Herrin, Dallas, for appellants.

Elizabeth L. Phifer, Dallas, for appellee.

Before WHITHAM, BAKER and THOMAS, JJ.

BAKER, Justice.

In their sole point of error, Wilk & Flint assert that the trial court erred in awarding attorney's fees in periodic payments rather than in a lump sum distribution in a workers' compensation case. We agree and reverse that part of the trial court's judgment providing for periodic payments of attorney's fees and remand that issue to the trial court for determination of the amount to be paid to appellants in a lump sum. In all other respects, the trial court's judgment is affirmed.

The Standard Fire Insurance Company had originally instituted this action in the district court to contest an award made on a claim before the Texas Industrial Accident Board. In this case for death benefits, the Board had awarded weekly compensation payments to the worker's widow and minor children. The award further provided for payment of attorney's fees to appellants in the amount of twenty-five percent of the awards. After the suit was filed, appellee subsequently withdrew its pleading, admitted liability, and sought to make periodic payments both for the death benefits and the attorney's fees awarded appellants. The trial court rendered judgment providing that appellants' attorney's fees be paid in periodic payments rather than a lump sum.

Appellants contend that the trial court erred in awarding attorney's fees in periodic payments rather than in a lump sum distribution. Appellants argue that article 8306, section 8(d), of the Texas Workers Compensation statute specifically provides that if an insurance company authorized under the statute to insure payments of compensation to beneficiaries of deceased employees fails to admit liability prior to a Board award, or disputes liability subsequently to such award, then the district court shall award reasonable attorney's fees in a lump sum not to exceed twenty-five percent of the recovery. Appellants maintain that the appellee not only failed to admit liability prior to the Board's entry of its award but disputed that award by filing suit in district court to set it aside. Only after suit was filed and the issue joined did Standard admit liability and seek to make periodic payments of both the death benefits and appellants' attorney's fees. Appellants contend that it has been expressly held that the applicable statute requires a lump sum attorney's fee payment and that a carrier must unequivocally admit liability if it hopes to pay an award of attorney's fees periodically instead of in a lump sum. *See Taylor v. North River Ins. Co., New Jersey,* 693 S.W.2d 376, 377 (Tex.1985);

**516**

*Stott v. Texas Employers Ins. Ass'n,* 645 S.W.2d 778, 780 (Tex.1983).

Although appellee concedes that the trial court may order attorney's fees paid either by lump sum or periodic payment, it argues that the amount and method of the payment of attorney's fees is discretionary with the court. Appellee relies on *Royal Ins. Co. of America v. Goad,* 677 S.W.2d 795 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.); *American States Ins. Co. v. Cadell,* 644 S.W.2d 884 (Tex.App.—Tyler 1982, no writ); and *Texas Employers' Ins. Ass'n v. Critz,* 604 S.W.2d 479 (Tex.Civ. App.—Texarkana 1980, writ ref'd n.r.e.), in support of this contention. Appellee also argues that appellants' position has been specifically rejected by two different courts of appeal. *See Smith v. City of Austin,* 670 S.W.2d 743 (Tex.App.—Tyler 1984, no writ); *United General Ins. Exchange v. Brown,* 628 S.W.2d 505 (Tex.App.—Amarillo 1982, no writ).

Article 8306, section 8(d), of the Texas workers' compensation statute in pertinent part provides:

> If the association fails to admit liability prior to the final award, decision, or ruling of the board or disputes liability subsequent to such award, decision, or ruling, the court *shall* award reasonable attorney's fees, *in a lump sum,* not to exceed 25 per cent of the recovery.

TEX.REV.CIV.STAT.ANN. art. 8306, § 8(d) (Vernon Supp.1989) (emphasis added). Under the provisions of section 8(d) of article 8306, in all suits filed on or after August 29, 1983, the court is mandated to award lump sum attorney's fees in death benefit cases if the insurance company disputes the award. *See Smith v. City of Austin,* 670 S.W.2d 743, 748 n. 2 (Tex.App. —Tyler 1984, no writ) (Colley, J., dissenting); *Taylor,* 693 S.W.2d at 377. The authorities relied upon by appellee all involved suits instituted prior to August 29, 1983.

We sustain appellants' point of error, reverse that portion of the trial court's judgment providing for periodic payment of attorney's fees, remand that portion of the judgment to the trial court for determination of the amount to be paid in a lump sum, and in all other respects affirm the trial court's judgment.