**Jannice Whittington Davis JOHNSON, et al., Appellants,**

v.

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Appellee.**

No. C14–89–00621–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 26, 1990.

James R. Jones, John N. Barnhart, Houston, for appellants.

David B. Edwards, Michael Phillips, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

OPINION

CANNON, Justice.

This action involved the death benefits awarded by the Industrial Accident Board to the survivors of Jefferson Johnson. Jannice Johnson, Jefferson's legal spouse at the time of his death, and Betty Johnson, the next friend and natural guardian of Jefferson's children, Kristina and Joseph, are the appellants. They contend that the trial court erred in awarding attorney's fees in periodic payments because a lump sum award is mandatory when the insurance carrier fails to admit liability in a claim for death benefits under the Worker's Compensation Act. We find no error and affirm the trial court's judgment.

Jefferson Johnson was a store manager of a Stop–n–Go when he was shot to death on May 2, 1986 in what appeared to be an

---

attempted robbery. Judy Mae Johnson was living with him at the time and claimed to be his common law wife. However, investigation revealed that she was still legally married to someone else, and Jefferson Johnson was still married to Jannice Johnson. On November 3, 1987, the Industrial Accident Board awarded the maximum amounts authorized in widow's benefits to Jannice and dependents' benefits to the two children. Judy Mae's claim was denied. She did not appeal that decision. The attorney's fees were ordered to be deducted at a rate of 25% from the widow's weekly benefits.

In regard to the children's benefits, the award provided:

> National Union Fire Insurance Company of Pittsburgh, Pennsylvania is ordered to pay Betty Joyce Johnson as natural guardian and next friend of Kristina Lynn Johnson, born May 9, 1971, and Joseph Edward Johnson, born July 15, 1976, until guardianship is established and thereafter to the duly appointed, qualified and legal guardian of named minors weekly compensation payments of $71.62, share and share alike, beginning May 3, 1986 and to continue weekly payments until named minors reach eighteen (18) years of age....

This award appears to comply with TEX. REV.CIV.STAT.ANN. art. 8306 § 8a (Vernon Supp.1990), which provides in part:

> ... Such compensation shall not pass to the estate of the deceased to be administered upon, but shall be paid directly to said beneficiaries when the same are capable of taking, under the laws of this State, or their guardian in case of mental disability, infancy or other disqualifying cause; except payments may be made directly to the person having custody of the person of such beneficiary, who shall be entitled to receive and receipt for such payments unless or until the association is notified that a guardian has been appointed, in which event payment shall thereafter be made to such guardian. The compensation provided for in this law shall be paid weekly to the beneficiaries herein specified, subject to the provisions of this law.

However, the appellee appealed the order of the Industrial Accident Board by filing a written notice to the Board on November 23, 1987, and then filing suit in state district court on December 9, 1987. The petition stated that the appeal was necessary because the legal guardianship that was to be established for the children had not been created. The petition, as well as all subsequent pleadings, specifically stated that the appellee was *not* contesting liability or disputing beneficiary status, the only objective was to have the children's money paid properly to the legal guardian as provided in the award.

■ We recognize that Betty Joyce Johnson was the natural guardian of the children as specified in the award and as contemplated in the statute. However, we do not agree with appellants that the appellee's suit requesting the appointment of a legal guardian as provided in the award constituted a contest of beneficiary status or liability. The appellants contend that this action did constitute a dispute, and the trial court erred in awarding the attorney's fees in periodic payments rather than in lump sum. Authorization for lump sum attorney's fees are found in article 8306 § 8(d), which provides:

> If the association fails to admit liability ... or disputes liability subsequent to such award, decision, or ruling, the Court shall award reasonable attorney's fees in a lump sum, not to exceed 25% of the recovery.

The trial court found by its judgment, and this court agrees that this provision authorizing lump sum attorney's fees was not called into action by the appellee's suit in the district court, because the association did not dispute liability or fail to admit liability. The Board's award necessitated the establishment of the guardianship by its own express language.

■ Furthermore, an award of the Industrial Accident Board, if not appealed in the manner and within the time prescribed, becomes final and unappealable and has the same force and effect as a final judgment of a court. *Gentry v. Travelers Ins.*

*Co.,* 459 S.W.2d 709, 711 (Tex.Civ.App.—Houston [14th Dist.] 1970, writ ref'd n.r.e.). The language of the award did not *order* the guardian to be appointed, it only anticipated that this would be done. The appellee was compelled to file the suit in order to clarify the payment to the children via their legal guardian as projected by the Board. The suit was a way to ensure that a legal guardian would in fact be appointed. Otherwise, the appellee could be left in a position of uncertainty over a period of years until a legal guardian for the children was appointed.

We also agree that the appellants' reliance on *Taylor v. North River Insurance Co., New Jersey,* 693 S.W.2d 376 (Tex.1985) is misplaced, as the facts are distinguishable. In *Taylor,* the case was litigated in a jury trial on the issue of whether a common law marriage existed. That case is consistent with the application of article 8306 § 8(d) because the insurance company instigated litigation on the worker's compensation claim for death benefits due to a bona fide dispute as to liability to the surviving "spouse". There was no question of fact presented in the instant case regarding beneficiary status or liability, thus *Taylor* does not apply.

Likewise, the facts of *Stott v. Texas Employers Insurance Association,* 645 S.W.2d 778 (Tex.1983) are distinguishable. In that case, the carrier disputed whether the death was compensable or the result of disease unrelated to his work. That too is obviously a contest of liability, activating the lump sum recovery of attorney's fees as provided by statute. It is dissimilar to the instant situation wherein the carrier stipulated in its pleadings that the court should enter judgment in favor of the beneficiaries in accordance with the award, as there was no question of their status as beneficiaries or the carrier's liability for the amount of the award.

We do not find valid the appellants' argument justifying their filing of a counter claim based on *Zurich General Accident and Liability Insurance Co. v. Rodgers,* 128 Tex. 313, 97 S.W.2d 674 (Tex.1936). We agree with the appellee that the rule applied in *Zurich* was abrogated in 1975 by the enactment of article 8307d which provides:

At any time before the jury has retired in the trial of a workmen's compensation case on appeal from an award of the Industrial Accident Board, *the plaintiff may take a nonsuit after notice to the other parties to the suit and a hearing held by which time all parties must perfect their cause of action, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief.* When the cause is tried by the judge of a district or county court, such nonsuit, after notice and hearing, may be taken at any time before the decision is announced. (emphasis added).

The enactment of article 8307d terminated the threat of a carrier appealing an award and then nonsuiting for the purpose of vacating the award. *Texas Employers Insurance Association v. Singleton,* 616 S.W.2d 232, 233 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.). Thus, the appellee's suit in district court to establish a guardianship for the children did not automatically force the claimants to file a countersuit to prove their entitlement to the benefits. The appellants were under no threat of losing the award because article 8307d requires notice of any intention to nonsuit and a hearing for the purpose of allowing the other parties to perfect their causes of action.

Jannice Johnson further alleges that the appellee did not begin making the payments to her as ordered by the Board until March of 1988. She asserts that the appellee only began paying her in response to the Supreme Court's decision in *Aranda v. Ins. Co. of North America,* 748 S.W.2d 210 (Tex.1988). Her counteraction was amended to assert that the appellee breached good faith and fair dealings pursuant to *Aranda.* That cause of action was severed from the instant cause of action and is not before this court. Jannice Johnson also claims that National's admission of liability in the motion for summary judgment was inadequate because it did not provide for

Jannice's contingent reversion of the children's benefits and it would have dismissed the *Aranda* claims. We find no merit in these arguments because the *Aranda* claims were already severed from this cause of action and the final judgment of the trial court in regard to Jannice Johnson's benefits was essentially the same as the Board's award.

We also note that the appellee paid the minors' accrued benefits into the court's registry shortly after its appeal to the district court was perfected. The appellee filed the suit on December 9, 1987, and counsel for the children answered on March 4, 1988. The appellee tendered to the registry the amount owed up to that point on April 11, 1988. The subsequent weekly amounts due to the children pursuant to the award were tendered to the registry on a timely basis. The record reflects that the appellee also paid the attorney's fees incident to establishing the guardianship ordered by the Williamson County court on May 17, 1988. At that point, the appellee discontinued paying the children's benefits to the registry of the court and began paying to the guardianship bank accounts. Thus, the children have received and continue to receive all monies owed to them pursuant to the award.

In conclusion, we find no merit in the appellants' contention that the attorney's fees should have been ordered to be paid in lump sum. The trial court's judgment is affirmed.