**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Mary Pearl Mundell STOTT and Garnett Stott, Appellees.**

**No. 7111.**

Court of Appeals of Texas, El Paso.

March 24, 1982.

Rehearing Denied April 21, 1982.

Burford & Ryburn, Wayne Pearson, Catherine A. Gerhauser, Dallas, Shafer, Gilliland, Davis, McCollum & Ashley, Inc., Paul McCollum, Odessa, for appellant.

Burnett & Hardwick, Warren Burnett, Norma Venso, Odessa, Samuel J. Kagan, Martinsville, Ind., Bobby R. Bearden & Associates, Gayle Newman, Allen R. McFall, Midland, for appellees.

Before STEPHEN F. PRESLAR, C. J., and OSBORN and SCHULTE, JJ.

OPINION

OSBORN, Justice.

Texas Employers' Insurance Association appeals a lump sum award of attorney's fees in a workers' compensation death case in which it filed an interpleader and tendered accrued payments into the registry of the court. We reverse and remand.

Texas Employers' Insurance Association appealed from an award of the Industrial Accident Board "awarding compensation death benefits to the said certain designat-

ed beneficiaries under the Worker's Compensation Law of the State of Texas." It named as defendants Mary Stott, who claimed to be a common law wife, and Garnett Stott, surviving mother of Daniel A. Stott, deceased. Both women filed pleadings seeking to recover death benefits under the compensation law.

On the day of trial, Texas Employers' Insurance Association filed "Cross-Defendant's First Amended Answer and Original Interpleader" without objections. At that time, the court said:

It is the order of the court that any award that is payable by final judgement be paid into the registry of the court to protect the Plaintiff who is now taking on the posture of the stake holder.

The amended answer denied liability, denied under oath the wage rate as pled by cross-plaintiffs, pled disease as the sole cause of death, and alleged the injury was not received in the course of employment. It also sought credit for $6,664.00 which had been paid into the registry of the court. The answer prayed that cross-plaintiffs take nothing. The interpleader asserted that both women had filed pleadings seeking to recover death benefits, it alleged payment of $6,664.00 (56 weeks at $119.00 per week) had been paid into the registry of the court and it further alleged it "stands ready, willing and able to pay any death benefits under the Texas Worker's Compensation Act for which it may be held liable upon the trial hereof, into the Registry of this Court, in order to preserve its status as a stakeholder."

All of the evidence dealt with the claims of these two women insofar as their being a beneficiary of the deceased was concerned. No evidence was offered to prove the scope of employment, a compensable injury, cause of death or wage rate. Only three issues were submitted to the jury. It found Mary Stott and the deceased agreed they were married prior to his death, they lived together in this state as husband and wife, and they represented to the public that they were married.

The judgment awarded Mary Stott $5,663.98 for accrued benefits and her attorneys $1,887.99 as attorneys' fees for accrued benefits. It also awarded Mary Stott $89.25 weekly for the remainder of her life, or until she remarries. It awarded her attorneys $26,639.34 as attorneys' fees for future benefits, such being 25% of the total value of the widow's pension according to the Widow's Pension Table of the Texas Workers' Compensation Act.

This appeal is only from that part of the judgment awarding attorneys' fees in a lump sum for future benefits. The first point of error asserts the trial court erred in awarding attorneys' fees in a lump sum because Article 8306, Section 8(d), Tex.Rev. Civ.Stat., mandates that in disputes between beneficiaries, where liability of the carrier is admitted, attorney's fees shall be paid periodically and not in a lump sum.

Article 8306, Section 8(d) provides:

The benefits payable to a widow, widower, or children under this section shall not be paid in a lump sum except in events of remarriage or in case of bona fide disputes as to the liability of the association for the death. Any settlement of a disputed case shall be approved by the board or court only upon an express finding that a bona fide dispute exists as to such liability.

Upon settlement of all cases where the carrier admits liability for the death but a dispute exists as to the proper beneficiary or beneficiaries, the settlement shall be paid in periodic payments as provided by the law, with a reasonable attorney's fee not to exceed twenty-five per cent (25%) of the settlement. The attorney's fee shall be paid periodically and not in a lump sum.

The last paragraph of Section 8(d) clearly requires that attorney's fees be paid periodically and not in a lump sum. Texas Employers' Insurance Association asserts that by the interpleader and tender it admitted liability, and the only dispute was between the beneficiaries. Mary Stott asserts that by its answer Texas Employers' Insurance Association did not admit but denied liabili-

ty, and that since there was a bona fide dispute as to liability of the Association, lump sum was authorized by the first paragraph of Section 8(d). To some extent, both assertions are correct. But, clearly, all parties and the court considered this to be a case where the carrier admitted liability, and the only dispute was between the beneficiaries.

First, we note neither party objected to the interpleader filed by Texas Employers' Insurance Association. To counsel, this meant that liability was admitted and the only issue was who would recover the death benefits. To the court, it meant Texas Employers' Insurance Association had become "the stakeholder" who tendered money into the court to be paid as the court might direct.

Second, the parties again recognized the only issue was who would recover when they offered evidence to establish a proper beneficiary relationship and no evidence as to liability. Third, the trial court and parties again recognized that Texas Employers' Insurance had admitted liability and only a dispute between the beneficiaries existed when three special issues were submitted to the jury, all of which related to a dispute as to the proper beneficiary and none of which related to liability.

If this is a case in which the carrier has denied liability, there can be no judgment for any beneficiary or attorneys because the evidence and the verdict will not support a judgment for death benefits. There is no evidence of, and no finding on, scope of employment, injury, cause of death or wage rate. Without proper findings on these issues, there can be no recovery in the absence of an admission of liability by the carrier. We hold that liability was admitted and the entire case was tried upon that theory. We sustain Appellant's Point of Error No. 1. It is not necessary to pass on the other points of error.

The judgment of the trial court is reversed and the case is remanded to the trial court for the entry of judgment in accordance with this opinion.