**Mary Pearl Mundell STOTT, Petitioners,**

v.

**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Respondents.**

**No. C–1347.**

Supreme Court of Texas.

Jan. 26, 1983.

Rehearing Denied March 9, 1983.

Burnett & Hardwick, Norma Venso, Galveston, for petitioners.

Burford & Ryburn, Wayne Pearson and Catherine A. Gerhauser, Dallas, for respondents.

WALLACE, Justice.

This is an appeal from a judgment awarding lump sum attorney's fees in a workers' compensation death case. The court of appeals reversed the lump sum award. 631 S.W.2d 573. We reverse the judgment of the court of appeals.

Daniel Stott died on November 15, 1979 while employed by Mapp Truck Lines (Mapp). Texas Employers Insurance Association (TEIA) was the compensation carrier for Mapp. Mary Stott, Daniel's common-law wife, and Garnett Stott, Daniel's mother, both claimed benefits under the Workers' Compensation Act as Daniel Stott's sole beneficiary. The Industrial Accident Board (IAB) found that Daniel died from an inju-ry in the scope and course of his employment and that Mary Stott was his common-law wife, thereby awarding her benefits as his sole beneficiary. TEIA appealed the award to the district court. Although Garnett Stott did not appeal the findings of the IAB, by virtue of TEIA's appeal she became a party in the district court. *Latham v. Security Insurance Co. of Hartford,* 491 S.W.2d 100, 105 (Tex.1972).

In its appeal to the district court TEIA denied that Daniel Stott received a compensable injury and alleged that his death was a result of disease and thus not connected with his employment. Mary Stott filed an answer and cross-action seeking to receive the benefits awarded by the IAB. Garnett Stott did not file pleadings in the district court until December 3, 1980, nine days before trial. There is an indication in the record that her answer and involvement at trial was prompted by TEIA.

TEIA vigorously contested liability until the day of trial when it filed an amended answer denying liability and an interpleader "... in order to discharge fully any liability of which it may be so held." This was an alternative pleading which sought to claim the benefits of a stakeholder while at the same time denying liability. This interpleader was allowed by the court and TEIA took no further part in the trial which resulted in judgment for Mary Stott for widow's benefits of $119 per week for life or until her remarriage. Her attorney was awarded a lump sum fee of $28,527.33, representing 25% of the accrued benefits since the earlier IAB ruling plus 25% of the estimated future benefits based on the Widow's Pension Table of the Workers' Compensation Act.

The court of appeals found that Tex.Rev. Civ.Stat.Ann. art. 8306 § 8(d) (Vernon Supp.1982–83) prohibited payment of attorney's fees in lump sum form in this case. The applicable section of § 8(d) reads as follows:

Upon settlement of all cases where the carrier admits liability for the death but a dispute exists as to the proper beneficiary or beneficiaries, the settlement shall

be paid in periodic payments as provided by the law, with a reasonable attorney's fee not to exceed twenty-five per-cent (25%) of the settlement. The attorney's fee shall be paid periodically and not in a lump sum.

The court of appeals rested its holding on a reading of TEIA's interpleader as a sufficient admission of liability to predicate the finding that a settlement of the claim had occurred between the parties. It therefore concluded that § 8(d) of Art. 8306 barred the trial court's award of attorney's fees in lump sum form.

■ The question before us is whether the facts in this case constitute a settlement within the meaning of the statute. Put another way, can the workers' compensation carrier appeal an IAB award in favor of a claimant, bring into the district court a party claimant who did not appeal the IAB award, vigorously contest liability until trial begins, interplead benefits awarded by the IAB, and thus prevent the court from awarding a lump sum fee to claimant's attorney? We hold that it cannot.

The intent of Art. 8306 was to structure the occasion and magnitude of attorney's fee awards in proportion to the amount and complexity of litigation that a claimant had to undertake to obtain the appropriate award owed on a meritorious claim. The purpose of the statute is to facilitate fair and timely settlements of claims and minimize needless litigation while encouraging adequate representation for claimants by providing a system of fee awards. For example, when liability has been admitted by the carrier before the IAB in situations involving fatalities, and if it has tendered the amount of death benefits to the court, and no dispute exists as to the proper beneficiary, no attorney's fees are authorized. Art. 8306 § 7d. When liability has been admitted and death benefits have been tendered to the registry of the court, but there exists a dispute as to the proper beneficiary, periodic payment of claimant's attorney's fees not exceeding 25% of the award is authorized. Art. 8306 § 8(d). Finally, when a carrier chooses to dispute liability on the claim, it is subject to a levy for a lump sum payment of fees not exceeding 25% of the award. Art. 8306 § 7d. The carrier thus risks payment of attorney's fees in lump sum if it wrongfully disputes liability.

In this case, the claimant was forced to prepare to fully litigate her claim because TEIA denied liability at both the IAB hearing and subsequently on appeal to the district court. On the very day of trial in the district court, TEIA amended its pleadings to deny both the magnitude of liability by disputing Daniel Stott's wage rate and the question of liability by asserting that Stott was not killed in the scope and course of his employment, but rather died solely of disease. Incorporated in TEIA's amended pleadings was its original bill of interpleader. The court was notified through the bill of interpleader that TEIA would stand liable for the claim, should the court disbelieve its denial of liability. Only after the parties announced they were ready for trial did TEIA admit liability in a bench conference. TEIA now contends that this eleventh-hour admission of liability and its tender into the court registry of the benefits accrued since the IAB ruling relieved it of any collateral liability for the award of attorney's fees in lump sum form that would have been triggered under the statute by a liability dispute.

■ The Workers' Compensation Act is to be liberally construed in favor of claimants and its purpose is to expedite the settlement of meritorious claims. *Hargrove v. Trinity Universal Insurance Co.*, 152 Tex. 243, 256 S.W.2d 73, 75 (1953). It is for this reason that Art. 8306 § 8(d) requires that a carrier unequivocally admit liability if it hopes to pay an award of attorney's fees periodically instead of in lump sum. The delaying tactics used here by TEIA in waiting until after the commencement of trial to offer an acceptance of liability, undermined the spirit and purpose of the Workers' Compensation Act. These actions forced the claimant to undergo the maximum amount of litigation while allowing TEIA to attempt to escape a lump sum

attorney's fee award to the claimant which escape TEIA should only have been allowed if it had timely admitted liability. Such acts are disapproved by this court and we hold therefore that no settlement was reached within the meaning and intent of the statute. The tactics used by TEIA to force the claimant to needlessly litigate her claim fully were sufficiently repugnant to the spirit and purpose of the statute to preclude the finding that a settlement as contemplated by the Compensation Act had occurred at that late date. For these reasons we reverse the judgment of the court of appeals and affirm the judgment of the trial court.

### ON MOTION FOR REHEARING

ROBERTSON, Justice, dissenting.

I respectfully dissent. The language of the Workers' Compensation Act clearly states that "Upon settlement of all cases where the carrier admits liability for the death but a dispute exists as to the proper beneficiary ... attorney's fees shall be paid periodically and not in a lump sum." Tex. Rev.Civ.Stat.Ann. art. 8306 § 8(d). Counsel for Mary Stott reiterated both in the trial court and before this Court that TEIA admitted liability for the death benefits and the case was tried only as a dispute between the beneficiaries. This is precisely the situation contemplated by the Act.

The majority holds that no settlement was reached under the Act since TEIA waited until the day of trial to admit liability, and the admission was not "unequivocal". Nowhere in the statute does the legislature set a time limit at which settlements can be accomplished, nor require an unequivocal admission of liability. This Court cannot, under the guise of liberal construction, read into the Act a provision which is not there. *Goldman v. Torres,* 161 Tex. 437, 341 S.W.2d 154, 158 (1960). It is undisputed that TEIA in fact admitted liability, albeit at the last moment. For these reasons I would affirm the judgment of the court of appeals directing periodic payment of attorney's fees.

BARROW and CAMPBELL, JJ., join in this dissent.