**Venita COURTNEY, Widow and Qualified Community Survivor of the Estate of Bennie R. Courtney, Deceased, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

No. 08–85–00276–CV.

Court of Appeals of Texas, El Paso.

May 7, 1986.

Rehearing Denied June 4, 1986.

Ruff Ahders, Ruff Ahders Associated, Odessa, Michol O'Connor, Haight, Gardner, Poor & Havens, Houston, for appellant.

Julia Vaughan, Barry N. Beck, Cotton, Bledsoe, Tighe & Dawson, Midland, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

OPINION

SCHULTE, Justice.

This is an appeal from an award of attorney's fees in a workers' compensation suit. We affirm.

The attorney of Appellant Venita Courtney submitted a proposed judgment, signed

---

**1.** We need not reach that question in view of our disposition.

by the trial court on July 10, 1985, in which the Appellant was awarded workers' compensation death benefits as the widow of Bennie R. Courtney. The judgment was awarded in a lump sum of $160,802.00. Of that amount, $29,687.00 represented the accrued amount due from the date of Mr. Courtney's death up until judgment, and $131,115.00 represented the present value of Mrs. Courtney's future benefits. The $131,115.00 figure is the present value of future workers' compensation death benefits payable to a surviving widow, calculated according to the Widow's Pension Table which considers both life expectancy and expectancy of remarriage. The judgment also provided for ten percent post-judgment interest. The judgment made no provisions for attorney's fees. On August 6, 1985, Appellee Texas Employers' Insurance Association filed a motion to modify the judgment to make Mrs. Courtney's future benefits payable weekly instead of in a lump sum. Appellant also filed a motion to modify the judgment. In her motion, Appellant conceded that future benefits should be paid weekly. Additionally, Appellant requested that her attorney be awarded twenty-five percent of the future benefits in a lump sum. She asked that the present value of her future benefits be calculated by means of the United States 1978 Life Tables, a measure discounting for life expectancy only. Under these tables, the present value of Appellant's future benefits would be $242,775.00, indicating an attorney's fee of $60,693.75. An attorney's fee calculated according to the Widow's Pension Table would be $32,778.75.

At a hearing on both of the motions, Appellant's attorney conceded that the judge had complete discretion in awarding attorney's fees, but argued that there was no statutory or case authority justifying use of the Widow's Pension Table. Appellant's attorney contended that since there was no evidence to suggest his client would remarry, the 1978 Life Tables should be used. In response, Appellee cited several cases in which the Widow's Pension Table had been used and argued that the likelihood of remarriage was a factor in determining a widow's benefit. In its findings of fact and conclusions of law, the trial court found that:

As a matter of law, the Widow's Pension Table of the Texas Workers' Compensation Act, certified as correct by the Industrial Accident Board, is the appropriate table for use in determining the present value of Plaintiff's future benefits for purposes of calculating a lump sum attorney's fee award. *See Stott v. Texas Employers' Insurance Association*, 645 S.W.2d 778, 779 (Tex.1983) and *Texas Employers' Insurance Association v. Dryden*, 612 S.W.2d 223, 225 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.).

In the modified judgment signed on September 13, 1985, Appellant's lump sum award for accrued benefits was restated as $29,687.00, but her award for future benefits was changed from a lump sum to a weekly rate. The court awarded attorney's fees of $7,422.00, representing twenty-five percent of the accrued benefits, plus $32,-779.00, representing twenty-percent of future benefits based on the Widow's Pension Table.

Appellant assigns two points of error. Essentially Appellant's complaint is that the trial court erred in using the Widow's Pension Table instead of the 1978 Life Tables in determining the present value of Mrs. Courtney's future benefits for purposes of calculating a lump sum attorney's fee award. Appellant points out that the Workers' Compensation Act itself does not provide for lump sum payments to be discounted by remarriage and argues that since Mrs. Courtney's payments are weekly without a discount for the possibility of remarriage, the attorney's fees should not be reduced by the possibility of remarriage.

Appellant argues that the Widow's Pension Table should not be used to calculate future benefits on which attorney fee awards were based because the table fails to take into account the two-year lump sum payment made to a widow or widower upon remarriage. Tex.Rev.Civ.Stat.Ann. art.

8306, sec. 8 (Vernon Supp.1986). Finally, Appellant contends that the Widow's Pension Table itself is inaccurate. It appears that the Widow's Pension Table is based on 1960 U.S. Life Tables for white females and the U.S. Employees Compensation Remarriage Tables. See: Flahive, Odgen and Latson, Texas Workers' Compensation Manual 163 (1985). According to Appellant, the Widow's Pension Table penalizes the claimant and benefits the carrier because people live longer today and women are less likely to remarry than they were in 1960. She argues that as compared to 1960, women in 1981 had 4.4 years of additional life expectancy and that the probability of remarriage had slipped from 16.5 per thousand in 1965 to 12 per thousand in 1981. Additionally, Appellant contends that the U.S. Employees Compensation Tables, upon which the Widow's Pension Table purports to be based, is not a published document. Appellant also asserts that after the table was found incorrect in *United States Fire Insurance Company v. Alvarez*, 657 S.W.2d 463, 477 (Tex.App.—San Antonio 1983, no writ), because it was based on a 3.5 percent discount instead of the four percent discount mandated by statute, the table was republished with no correction of the data, but with the 3.5 percent notation deleted. Because of the alleged defects in the Widow's Pension Table, Appellant believes that the 1978 Life Tables should be used to calculate the award of lump sum attorney's fees.

Both parties correctly assert that the amount of attorney's fees and the method of their determination is within the trial court's discretion. *Texas Employers' Insurance Association v. Motley*, 491 S.W.2d 395, 397 (Tex.1973); *Texas Employers' Insurance Association v. Critz*, 604 S.W.2d 479, 485 (Tex.Civ.App.—Texarkana 1980, writ ref'd n.r.e.). To reverse the trial court's determination there must be a clear abuse of discretion. Although Appellant argues here that the Widow's Pension Table is inaccurate and unreliable, none of the statistical data contained in Appellant's brief was presented to the trial court. Nor was any other form of evidence adduced tending to discredit the Widow's Pension Table as a means of deriving the present value of a widow's future benefits. Moreover, Appellant offered no evidence, legal arguments or case law before the trial court supporting use of the 1978 Life Tables as a correct means of calculating the present value of Appellant's future death benefits, for awarding attorney's fees or for any other purpose. On the other hand, Appellee presented and argued cases in which the Widow's Pension Table had been utilized. *See: Stott, supra*, at 779; *Dryden, supra*, at 225. Furthermore, the Supreme Court has suggested in *Twin City Fire Insurance Company v. Cortez*, 576 S.W.2d 786, 790 (Tex.1978), that the expectancy of remarriage, however calculated, is a factor in analyzing the present value of unaccrued widow's benefits. Although it is arguable whether the Widow's Pension Table is the optimum method of calculating future death benefits, we do not find that the trial court abused its discretion by its use. Appellant's points of error are overruled.

The judgment is affirmed.

OSBORN, Justice, dissenting.

I concur, subject to my dissent in Courtney v. Texas Employers' Insurance Association, No. 08–85–00261–CV.