**William S. HINES, Appellant,**

v.

**AETNA CASUALTY AND SURETY COMPANY, Appellee.**

**No. 01–88–00142–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 14, 1988.

Rehearing Denied Aug. 11, 1988.

Davis L. Grisson, Grisson, Crow, Richards & Featherston, Houston, for appellant.

Paige Pace Howard, Fulbright & Jaworski, Houston, for appellee.

Before WARREN, DUGGAN and LEVY, JJ.

## OPINION

WARREN, Justice.

This is an appeal from a worker's compensation award.

On August 20, 1986, while in the course of his employment, appellant sustained an injury to his right leg. He had previously suffered a compensable injury to his right knee. The jury found (1) that the appellant sustained a total loss of use of his right leg for the period of August 22, 1986, through October 30, 1986; (2) that he suffered a 75 percent, permanent, loss of use of his right leg beginning on October 31, 1986; (3) that 50 percent of the loss of use was attributable to his prior knee injury in 1973; and (4) that his average daily wage was $154.00. The only issue on appeal is the proper method of calculating the appellant's benefits, given these findings. More specifically, we must determine whether the wage rate for a specific injury should be calculated before or after multiplying the percentage of contribution of a prior injury to the worker's present loss of use.

The Texas Worker's Compensation Act provides that a worker may be compensated for the inability to work due to a general injury, as well as for an injury to a specific body part. Tex.Rev.Civ.Stat.Ann. art. 8306, secs. 10–12 (Vernon 1967 & Supp. 1988). By statute, a specific injury is compensated differently from a general injury, even though the specific injury may result in incapacity to work. *Argonaut Ins. Co. v. Newman*, 361 S.W.2d 871, 874 (Tex. 1962).

Compensation for a general injury that results in total incapacity is calculated by multiplying a percentage of the claimant's average weekly wage, or the maximum amount allowed by the Act, by a statutorily set number of weeks. Tex.Rev.Civ.Stat. Ann. art 8306, secs. 10, 29. If a general injury results in only partial incapacity, the statutory percentage is applied to the difference between the claimant's average weekly wage before the injury and his average weekly wage earning capacity during the partial incapacity, but again not to exceed the statutory maximum. Art. 8306, secs. 11, 29.

In cases of specific injury, the statute contains a schedule of compensation for the total loss of various enumerated body members, and then provides that partial incapacity due to a specific injury is compensated according to the percentage of incapacity caused by the injury. Art. 8306, sec. 12. The statute requires that previous incapacity be taken into account in this determination, and provides a specific method for calculating the compensation for partial incapacity due to a specific injury. *Id.*

Section 12 requires that first, a basic figure be calculated that equals 66⅔ per-

cent of the average weekly wage of the claimant. If this figure is higher than the statutory limit, that limit is used as the basic figure instead. *Id.* Next, the basic figure is multiplied by the percentage of incapacity *caused by the injury.* The result is the weekly compensation to be paid for a specified number of weeks.

Section 12c provides that if a claimant has suffered a previous injury that contributed to the condition of incapacity that resulted from a subsequent injury, the insurer is liable only for the compensation to which the claimant would have been entitled for the subsequent injury had there been no prior injury.

■ The question in dispute is at what point the percentage contribution of the prior injury is factored into the compensation calculation.

The appellant contends that the trial court erred in its method of calculating his benefits. The court computed the basic figure (calculating 66⅔ percent of appellant's weekly wage, comparing it with the statutory maximum, then using the lower figure) and then applied the percentage of incapacity (present incapacity minus contribution due to the prior injury) to that figure. Appellant contends that the percentage contribution of the old injury should have been applied to his average weekly wage rate *before* the base rate was calculated, resulting in a higher recovery for him. He contends that this formula, similar to the one used to compute the contribution of a prior injury to a subsequent general injury, is also appropriate here, where there was a specific rather than general injury. He argues that the use of this method complies with the policy that the Worker's Compensation Act should be liberally construed in favor of the worker. *Stott v. Texas Employers Ins. Ass'n,* 645 S.W.2d 778, 780 (Tex.1983).

Though the Texas Supreme Court has not addressed this precise issue, it has recently affirmed the distinct treatment of specific and general injuries, and cautioned about the use of citing prior general injury decisions to support conclusions in specific injury cases. *See Jackson v. United States Fidelity & Guaranty Co.,* 689 S.W. 2d 408, 410–11 (Tex.1985).

We find that the trial court was correct in its calculation. Section 12 requires that the basic wage figure be determined by first calculating the percentage of average wage and comparing it to the legal monetary limit. Here, the appellant's average weekly wage was $888.46 ($154 times 300 days divided by 52 weeks). Applying the set percentage, 66⅔ of $888.46 equals $592.25, which is higher than the legal weekly limit of $217. Thus, the basic figure used is $217.

The statute directs that *after* this figure has been determined, the percentage of incapacity caused by the [current, compensable] injury be taken into account. Art. 8306, sec. 12; *see also Fidelity & Cas. Co. v. Shores,* 329 S.W.2d 911, 913–14 (Tex.Civ. App.—Fort Worth 1959, writ ref'd). In determining the percentage of incapacity to be applied to the basic figure, prior injury is taken into account. Art. 8306, sec. 12. thus, the contribution of the prior injury to the present incapacity must be found. Here the jury found that half of the present 75 percent incapacity was due to the prior injury. The appellee is liable only for the amount of present incapacity caused by the recent injury, art. 8306, sec. 12c, and that figure is dependent upon the contribution of the prior injury. Thus, the contribution of the old injury is most closely related to the degree of present incapacity rather than to the average weekly wage rate, as appellant contends. The language of the statute dictates that the basic wage figure be calculated before applying the percentage of incapacity, and it is most logical to treat components of an element (present incapacity) together in the equation.

Although appellant's method, applying the contribution of the prior injury to the calculation of the average wage rate rather than to the percentage of incapacity, would result in a higher recovery, we cannot say that the policy of liberally construing the statute in favor of the claimant extends to a method of calculation inconsistent with the language of the statute.

806

Appellant's point of error is overruled. The judgment of the trial court is affirmed.