**William HEARD, Appellant,**

v.

**LIBERTY MUTUAL FIRE INSURANCE COMPANY, Appellee.**

**No. 08–91–00360–CV.**

Court of Appeals of Texas, El Paso.

March 11, 1992.

Rehearing Overruled April 29, 1992.

Sam Moore, Abilene, for appellant.

Larry Zinn, San Antonio, Phillip Godwin, Odessa, for appellee.

Before OSBORN, C.J., and WOODARD and BARAJAS, JJ.

## OPINION

OSBORN, Chief Justice.

The only issue on appeal is how should attorney's fees, advances and expenses, in a workers' compensation case which has been settled, be divided between two attorneys who represented the claimant. The trial court awarded each attorney his expenses and advances to the client and awarded the entire attorney's fee to the attorney who represented the client until shortly before settlement. We reverse and remand.

### Facts

William Heard injured his back in an on-the-job accident on October 4, 1989. Two months later, he hired Phillip Godwin to represent him in prosecuting his workers' compensation claim. He signed a power of attorney in which he agreed that the attorney's fees would be governed by and be subject to the applicable provisions of the Workers' Compensation Law and that the sum would be 25 percent of the total recovery. He also agreed that all reasonable and necessary expenses and monies advanced to him would be paid out of his recovery. Mr. Godwin filed the claim with the Industrial Accident Board and perfected an appeal from its award. He presented his client for deposition, sent interrogatories and request for admissions to the carrier and answered interrogatories sent to his client. He filed, with an affidavit, complete medical reports and hospital records in the case. At the prehearing conference, he offered to settle the case for $40,000 and the carrier offered to pay $7,500. The Board award was $22,405.46. The carrier's offer was subsequently increased to $30,000 following back surgery, but that offer was rejected.

### Trouble in River City

On March 5, 1991, Mr. Heard wanted to borrow from $500 to $1,000. Mr. Godwin loaned him $200, which made his total advances to his client $1,768. Six days later, Mr. Godwin received a letter from Mr. Heard requesting that he "withdraw immediately from my case." The letter said "I have never been completely comfortable with your handling of my claim." It recognized an obligation to pay Mr. Godwin for his time and expenses and requested a bill for those items. On that same day, March 11, 1991, Mr. Heard signed a power of attorney for Bob Hanna to represent him and obtained a loan of $1,000. On April 11, 1991, the trial court signed an order substituting Bob Hanna as attorney of record for William Heard.

### Intervention

A couple of weeks later, Phillip Godwin filed a petition in intervention in which he sought to recover his expenses, advances and attorney's fees. On May 9, 1991, Mr. Hanna settled the case with Liberty Mutual for $38,500 and with medical expenses open for three years.

### Trial Court's Order

Following a hearing at which the claimant and his two attorneys both testified, the trial court entered an order awarding Phillip Godwin the 25 percent statutory attorney's fees of $9,625, plus expenses of $196.50 and advances of $1,768. He also ordered reimbursement to Bob Hanna for expenses and advances, but nothing for attorney's fees.

### Issue for Review

By a single point of error, Bob Hanna asserts that the trial court abused its discretion in awarding the 25 percent attor-

ney's fee to Phillip Godwin and in also awarding him his advances.

### Decision

■ First, we note that the trial court filed findings of fact and conclusions of law. Among those is a finding that William Heard did not have good cause to discharge Phillip Godwin and a conclusion that Phillip Godwin is and was the attorney for William Heard and no good cause was shown for his discharge. That is not a controlling issue in this case. Rule 1.15(a)(3) of the Texas Disciplinary Rules of Professional Conduct provides that a lawyer shall decline to represent a client, or where representation has commenced, shall withdraw from the representation of a client, if "the lawyer is discharged, with or without good cause." Tex.Gov't Code Ann. Vol. 3, Title 2, Subtitle G Appendix, art. X, § 9 (Vernon Supp.1992). Comment 4 under the Rule notes that upon discharge, the Rule requires the discharged lawyer to withdraw. In this case, the trial court should not have found Phillip Godwin was the lawyer for Mr. Heard at the time the conclusions were filed. The court had already signed an order substituting counsel and Mr. Godwin was no longer an attorney of record for the plaintiff, but he was in the case as an intervenor.

### Attorney's Fees

■ The amount of attorney's fees to be awarded in a compensation case is a matter for the trial court even in jury tried cases and the amount of such fees is within the trial court's discretion. *Texas Employers Insurance Association v. Motley*, 491 S.W.2d 395 (Tex.1973); *Courtney v. Texas Employers' Insurance Association*, 709 S.W.2d 778 (Tex.App.—El Paso 1986, writ ref'd n.r.e.). However, that determination, like all rulings involving discretion, must be based on established guidelines. An abuse occurs when the court acts without reference to guiding rules or principles or acts arbitrarily or unreasonably. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex.1985).

■ In this case, the guiding rule is found in Tex.Rev.Civ.Stat. Ann. art. 8306, § 7d (Vernon Supp.1992) which states:

In fixing and allowing such attorneys' fees the court must take into consideration the benefit accruing to the beneficiary as a result of such services. No attorneys' fees ... shall be allowed for representing a claimant in the trial court unless the court finds that benefits have accrued to the claimant by virtue of such representation, and then such attorneys' fees may be allowed only on a basis of services performed and benefits accruing to the beneficiary.

Although Hanna's firm spent only five or six hours in bringing the case to a conclusion, Hanna did schedule a medical deposition, supplement answers to interrogatories and obtain an increase in the settlement offer of $8,500, along with securing medical benefits for three years. Certainly, those services resulted in benefits accruing to the beneficiary, Mr. Heard. We must conclude that an award of no fee where some benefits were obtained was an abuse of discretion.

Hanna also contends that the power of attorney which provided for attorney's fees and advancements, constituted an assignment of benefits in violation of Tex.Rev. Civ.Stat.Ann. art. 8306, § 3(b). That provision in the compensation law provided that no part of the compensation shall be assignable, except as otherwise provided, and any attempt to do so would be void. An exception is provided for in Section 7d which makes it lawful for an attorney to contract with a beneficiary under the law for an attorney's fee not to exceed 25 percent of the amount recovered.

### Advances

■ The present law which prohibits an attorney from lending money to a claimant during the pendency of a compensation claim did not become effective until June 1, 1991. Tex.Rev.Civ.Stat.Ann. art. 8308–10.-03(a) (Vernon Supp. Pamphlet 1992). The power of attorney which Mr. Heard signed with Mr. Godwin provided that expenses incurred and monies advanced to client

"are to be paid out of the client's portion of the recovery." That language itself recognizes that the recovery is "the client's" and there is no language which purports to give any part of the recovery to the lawyer. But, it does provide that the advances are to be paid out of the recovery.

The Court, in *Gaddy v. First Nat. Bank of Beaumont*, 115 Tex. 393, 283 S.W. 472 (1926), answered a certified question and held that money awarded for injuries under the Workmen's Compensation Act and deposited in a bank was exempt and not subject to garnishment. Quoting extensively from the *Gaddy* opinion, the Supreme Court of Arizona in *Vukovich v. Ossic*, 50 Ariz. 194, 70 P.2d 324 (1937), reached the same results and held that compensation benefits, whether paid in a lump sum or in installments, were exempt in a garnishment case. The Court concluded that one who furnishes even the necessities of life does so at his peril and must look to the honesty and integrity of the person he has aided for a return of his advances.

In *Highland Park State Bank v. Salazar*, 555 S.W.2d 484 (Tex.Civ.App.—San Antonio 1977, writ ref'd n.r.e.), the Court held that compensation benefits pledged to secure repayment of a debt to a bank constituted a lien but not an assignment. But that opinion makes it clear that the holding is based upon the fact that the money in that case was paid to the claimant prior to the pledge to the bank. In his opinion, Justice Cadena wrote:

> 3. The legislature has insured that, after the employee has successfully asserted his right to compensation, he will receive the money free of all claims of others to any part of the money which are based on agreements of the employee made prior to the actual receipt of the funds.

*Id.* at 487. See also *In re Nolen*, 65 B.R. 1014 (Bkrtcy.D.N.M.1986).

In this case, Mr. Heard has a written obligation to reimburse Phillip Godwin for advances and the court may enter a judgment for the amount found to be due and owing, but it may not order that amount paid out of funds which are exempt.

We sustain Point of Error No. One and reverse and remand the case to the trial court.