OPINION
 

 Opinion by
 

 Justice BRIDGES.
 

 Appellant Insurance Company of the State of Pennsylvania (“Insurance Company”) appeals the trial court’s judgment awarding lifetime income benefits (“LIBS”) to appellee Carmen Muro. We affirm the judgment of the trial court.
 

 Background
 

 Muro worked for an employer that subscribed to workers compensation insurance. The employer’s workers compensation insurance policy was issued by Insurance Company. In 1996, Muro was involved in a work-related accident in which she slipped and fell on a bathroom floor. During trial, Muro testified that she fell backwards and raised her right arm to prevent her head from hitting the commode. As a result of the accident, she suffered injuries to her neck, right shoulder, lower back and hips. Muro alleges that, due to those injuries, she lost the use of both feet and her right hand.
 

 The record before us reflects that following her work-related accident, Muro underwent several surgeries, including generally: (1) a cervical fusion; (2) total right hip replacement; (3) total left hip replacement; (3) revision of left hip replacement due to manufacturer recall; (4) reduction of dislocated left hip; (5) another revision of left hip replacement; and (6) right shoulder surgery.
 

 Muro sought LIBS from Insurance Company. However, Insurance Company did not agree to pay LIBS, and the Texas Workers Compensation Commission (“TWCC”) scheduled a contested case hearing. During the contested case hearing, the officer was asked to determine whether Muro was entitled to LIBS based on the “total and permanent loss of use of both feet at or above the ankle, or one foot at or above the ankle and one hand at or above the wrist.” At the contested hearing, the TWCC hearing officer heard live testimony and considered written evidencé. Following the hearing, the TWCC officer held that Muro was entitled to LIBS. The hearing officer concluded that Muro was entitled to LIBS “based on the total and permanent loss of use of both feet at or above the ankle, or one foot at or above the ankle and one hand at or above the wrist.” The officer further ordered Insurance Company to pay medical and income benefits in accordance with his decision.
 

 Insurance Company appealed the TWCC hearing officer’s decision to the TWCC appeals panel who declined to reverse the hearing officer’s decision. In
 
 *527
 
 surance Company then appealed to the district court which conducted a jury trial. In accordance with the verdict of the jury, the trial court found Muro has (1) the total and permanent loss of use of both feet at or above the ankle and (2) the total and permanent loss of use of one foot at or above the ankle and one hand at or above the wrist. The trial court, therefore, determined that Muro was entitled to LIBS and awarded attorneys’ fees to Muro. This appeal ensued.
 

 INS. CO. OF STATE OF PENNSYLVANIA v. MURO
 

 Discussion
 

 Insurance Company raises four issues in its appeal. First, Insurance Company contends that neither the evidence nor the jury findings support placing this case into the narrow class of cases in which injured workers are entitled to receive benefits beyond the 401-week limitation in the labor code. Second, Insurance Company argues that it was improper for the trial court to submit this case to the jury on a LIBS theory where the evidence conclusively demonstrated that appellee’s injuries were confined to her shoulder, neck, lower back and hips. Next, Insurance Company asserts that the trial court failed to submit the controlling issues and definitions of a LIBS case to the jury. Finally, Insurance Company contends that appel-lee’s failure to secure jury findings on her attorney’s fee claim waives her right to recover those fees.
 

 Issue One
 

 In its first issue, Insurance Company states that the jury findings and the evidence do not support an award of LIBS. Entitlement to income benefits generally ends at the expiration of 401 weeks from the date of injury.
 
 See
 
 Tex. Lab. Code Ann. § 408.083 (Vernon 2006). The LIBS statute strictly limits the types of injuries that qualify for lifetime benefits.
 
 Galindo v. Old Republic Ins. Co.,
 
 146 S.W.3d 755, 757 (Tex.App.-El Paso 2004, pet. denied).
 

 Because an injured employee, coming under the terms of the Workers’ Compensation Act, is denied her common law rights, the Act should be liberally construed in the worker’s favor.
 
 Navarette v. Temple Ind. School Dist.,
 
 706 S.W.2d 308, 309 (Tex.1986). Any reasonable doubts which may arise as to an injured employee’s right to compensation should be resolved in favor of such right.
 
 Id.
 

 Section 408.161 of the labor code provides the framework for LIBS as follows:
 

 (a) Lifetime income benefits are paid until the death of the employee for:
 

 [[Image here]]
 

 (2) loss of both feet at or above the ankle; [or]
 

 [[Image here]]
 

 (4) loss of one foot at or above the ankle and the loss of one hand at or above the wrist.
 

 [[Image here]]
 

 (b) For purposes of Subsection (a), the total and permanent loss of use of a body part is the loss of that body part.
 

 [[Image here]]
 

 In their verdict, the jury found that Muro has (1) the total and permanent loss of use of both feet at or above the ankle and (2) the total and permanent loss of use of one foot at or above the ankle and the total and permanent loss of use of one hand at or above the wrist. Contrary to Insurance Company’s assertion, these jury findings clearly bring Muro’s injuries within the class of injuries covered by the LIBS statute.
 
 See
 
 Tex. Lab. Code Ann. § 408.161 (Vernon 2006).
 

 In the second part of its first issue, Insurance Company asserts the evidence
 

 
 *530
 
 Muro’s lack of direct injury to her feet at or above the ankle and hand at or above the wrist do not remove her from the category of injuries covered by the LIBS statute.
 
 See id.
 
 We overrule Insurance Company’s second issue.
 

 Issue Three
 

 In its third issue, Insurance Company complains that the trial court failed to submit the controlling issues and definitions of a LIBS case to the jury. A party is entitled to a jury question, instruction, or definition that is raised by the pleadings and evidence. Tex. R. Civ. P. 278;
 
 Union Pac. R.R. Co. v. Williams,
 
 85 S.W.3d 162, 166 (Tex.2002). The trial court has broad discretion in framing a jury charge and is given broad latitude to determine the propriety of explanatory instructions and definitions.
 
 H.E. Butt Grocery Co. v. Bilotto,
 
 985 S.W.2d 22, 23 (Tex.1998);
 
 GuideOne Lloyds Ins. Co. v. First Baptist Church of Bedford,
 
 268 S.W.3d 822, 836 (Tex.App.-Fort Worth 2008, no pet.). A trial court’s error in refusing an instruction is reversible if that refusal probably caused the rendition of an improper judgment.
 
 Anglo-Dutch Pet. Intern., Inc. v. Greenberg Peden, P.C.,
 
 267 S.W.3d 454, 465 (Tex.App.-Houston [14th Dist.] 2008, pet. filed).
 

 Insurance Company first argues the trial court erred because it refused to submit questions that included a producing cause element. In particular, Insurance Company argues the trial court failed to require the jury to consider whether Muro’s 1996 compensable work injury was a producing cause of the loss of use of both feet at or above the ankle or one foot at or above the ankle and one hand at or above the wrist.
 
 See
 
 Tex. Lab. Code Ann. § 408.161 (Vernon 2006). However, the record is devoid of evidence indicating Insurance Company questioned, at the TWCC level, whether Muro’s work-related accident was the cause of the injuries which would entitle her to LIBS. Instead, Insurance Company merely challenged whether Muro was entitled to LIBS.
 

 A trial court may only consider issues raised at the TWCC level. Tex. Lab. Code Ann. § 410.302 (Vernon 2006);
 
 Krueger v. Atascosa County,
 
 155 S.W.3d 614, 619 (Tex.App.-San Antonio 2004, no pet.). Because Insurance Company failed to raise the issue of whether Muro’s 1996 work-related accident was the actual cause of the injuries entitling her to LIBS, the trial court did not abuse its discretion in not including a producing cause element in the jury charge.
 
 See Bilotto,
 
 985 S.W.2d at 23.
 

 Next, Insurance Company contends the trial court failed to submit a substantially correct definition of “loss of use.” The trial court, in its charge, defined “loss of use” as “the condition of the body part is such that the Defendant cannot get and keep employment requiring the use of that body part. Loss of use does not require amputation.”
 

 Insurance Company argues that the Texas Supreme Court’s definition of “total loss of use” in
 
 Travelers Ins. Co. v. Seabolt,
 
 361 S.W.2d 204, 206 (Tex.1962) provides the proper definition.
 
 [1]
 
 However, the definition used in the trial court’s charge
 
 *531
 
 was based upon the Texas Supreme Court’s definition of “loss of use” from
 
 Navarette v. Temple Ind. School Dist.,
 
 706 S.W.2d 308 (Tex.1986).
 
 [2]
 
 The
 
 Navarette
 
 decision specifically refers to
 
 Seabolt,
 
 noting “total loss of use of a member can exist when such member is such that the workman cannot procure and retain employment requiring the use of the member of the body.”
 
 Seabolt,
 
 361 S.W.2d at 206. Because the trial court tracked the language used by the Texas Supreme Court in
 
 Navarette,
 
 we conclude the trial court did not abuse its discretion.
 
 [3]
 

 Bilotto,
 
 985 S.W.2d at 23. We overrule Insurance Company’s third issue.
 

 Issue Four
 

 In its final issue, Insurance Company argues that under a fee-shifting scheme, where the reasonableness and necessity of attorneys’ fees is contested, the amount of entitlement presents a fact question and the trial court must submit the dispute to a jury. Insurance Company urges that Muro’s failure to secure jury findings waives her right to recover such fees.
 

 Section 408.221 of the labor code provides:
 

 (a) An attorney’s fee, including a contingency fee, for representing a claimant before the division or court under this subtitle
 
 must be approved by the commissioner or court.
 

 (b) Except as otherwise provided, an attorney’s fee under this section is based on the attorney’s time and expense according to written evidence presented to the division or court....
 

 Tex. Lab Code Ann. § 408.221(a-b) (Vernon 2006) (emphasis added). This statute also furnishes a laundry list of items
 
 the court
 
 should consider when approving attorney’s fees.
 
 See id.
 
 at § 408.221(d). The Texas Supreme Court has held that the amount of attorney’s fees to be allowed in compensation cases is a matter for the trial court to determine without the aid of a jury and the amount of recovery is within its discretion.
 
 See Texas Employers Ins. Ass’n v. Motley,
 
 491 S.W.2d 395, 397 (Tex.1973) (citing
 
 Texas Employers’ Ins. Ass’n v. Hatton,
 
 152 Tex. 199, 255 S.W.2d 848 (1953)). The El Paso Court of Appeals has also concluded that the “amount of attorney’s fees to be awarded in a compensation case is a matter for the trial court even in jury tried cases and the amount of such fees is within the trial court’s discretion.”
 
 Heard v. Liberty Mut. Ins. Co.,
 
 828 S.W.2d 457, 459 (Tex.App.-El Paso 1992, writ denied). Although we agree with Insurance Company that
 
 Motley
 
 and
 
 Heard,
 
 are decisions controlled by the Texas Workers’ Compensation Act prior to its revision, Insurance Company has failed to present any authority to support the proposition that the labor code now requires jury findings to support a fee award. Without such authority, and in light of the language in the Texas Labor Code, we cannot conclude it was necessary for Muro to obtain jury findings with regard to her award of attorney’s fees.
 
 See City of Houston v. Jackson,
 
 192 S.W.3d 764, 770 (Tex.2006) (requiring us to apply the stat-
 

 [1]
 

 . The
 
 SedboU
 
 decision provides two concepts regarding the phrase “total loss of use.” First, the Court notes "a total loss of use of a member exists whenever, by reason of injury, such member no longer possesses any substantial utility as a part of the body.”
 
 Seabolt,
 
 361 S.W.2d at 205-06. The second concept the court discusses is that “although a member may possess some utility as a part of the body, if its condition be such as to prevent the workman from procuring and retaining employment requiring the use of the injured member, it may be said that a total loss of use of a member has taken place.”
 
 Id.
 
 at 206.
 

 [2]
 

 . The record before us contains Muro's Second Amended Proposed Jury Questions and Instructions, which includes a proposed definition for "loss of use." The proposed definition refers the trial court to the
 
 Navarette
 
 decision, and the trial court granted the use of the proposed definition.
 

 [3]
 

 . We also note that Texas Pattern Jury Charge 26.04 includes the language contained in the
 
 Navarette
 
 decision; i.e., "the condition of the injured member is such that the person cannot get and keep employment requiring the use of such member."
 
 See Seabolt,
 
 361 S.W.2d at 206.