Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★

# CONCURRING AND DISSENTING OPINION

No. 04-08-00757-CV

**DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY**,
Appellant

v.

Charles **TATE**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-11318
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:  Phylis J. Speedlin, Justice
Concurring and dissenting opinion by: Sandee Bryan Marion, Justice

Sitting:  Karen Angelini, Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice

Delivered and Filed:  June 24, 2009

I respectfully dissent from the majority's holding because I believe the Legislature intended for the determination of whether to award attorney's fees and the amount to be awarded under section 408.221(c) of the Texas Worker's Compensation Act to be made by the trial court, and not a jury. While the Texas Supreme Court has said the question of attorney's fees is "generally" a question for the jury, in this instance, I believe section 408.221 directs otherwise. However, I would

remand to the trial court for further proceedings because I believe a party who requests a full plenary

or evidentiary hearing on the reasonableness and necessity of attorney's fees under section 408.221

is entitled to one.

### AWARD OF ATTORNEY'S FEES UNDER SECTION 408.221

Section 408.221 provides as follows:

(a)     An attorney's fee, including a contingency fee, for representing a claimant before the division or court under this subtitle *must be approved by the* commissioner or *court*.

(b)     Except as otherwise provided, an attorney's fee under this section is based on the attorney's time and expenses according to written evidence *presented to the* division or *court*.  Except as provided by Subsection (c) . . ., the attorney's fee shall be paid from the claimant's recovery.

(c)     An insurance carrier that seeks judicial review under Subchapter G, Chapter 410, of a final decision of the appeals panel regarding compensability or eligibility for, or the amount of, income or death benefits is liable for reasonable and necessary attorney's fees as provided by Subsection (d) incurred by the claimant as a result of the insurance carrier's appeal if the claimant prevails on an issue on which judicial review is sought by the insurance carrier . . . If the carrier appeals multiple issues and the claimant prevails on some, but not all, of the issues appealed, the court shall apportion and award fees to the claimant's attorney only for the issues on which the claimant prevails.  In making that apportionment, *the court shall consider* the factors prescribed by Subsection (d) . . . .

(d)     In approving an attorney's fee under this section, the commissioner or *court shall consider*:
        (1)     the time and labor required;
        (2)     the novelty and difficulty of the questions involved;
        (3)     the skill required to perform the legal services properly;
        (4)     the fee customarily charged in the locality for similar legal services;
        (5)     the amount involved in the controversy;
        (6)     the benefits to the claimant that the attorney is responsible for securing; and
        (7)     the experience and ability of the attorney performing the services.

. . .

(i)     Except as provided by Subsection (c) . . ., an attorney's fee may not exceed
        25 percent of the claimant's recovery.

TEX. LABOR CODE ANN. § 408.221 (Vernon 2006) (emphasis added).

As the majority correctly notes, we must construe section 408.221 as a whole rather than isolating particular words or phrases from the statutory context; *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004); *Kroger Co. v. Keng*, 23 S.W.3d 347, 349 (Tex. 2000); and we must "presume that every word in a statute has been used for a purpose and that every word excluded was excluded for a purpose." *Cornyn v. Universe Life Ins. Co.*, 988 S.W.2d 376, 379 (Tex. App.—Austin 1999, pet. denied). The Texas Supreme Court has long interpreted section 408.221 as vesting the trial court with the sole discretion to award and determine the amount of attorney's fees, even in cases tried to a jury. *See Tex. Employer's Ins. Ass'n v. Motley*, 491 S.W.2d 395, 397 (Tex. 1973); *Tex. Employer's Ins. Ass'n v. Hatton*, 152 Tex. 199, 255 S.W.2d 848, 849 (1953). I do not believe this interpretation should change merely because the Legislature amended section 408.221 to add subsection (c). In fact, when the Legislature added subsection (c), it continued to direct that *the court* shall consider the factors prescribed in subsection (d). Also, when construing a statute, we must not give one provision a meaning out of harmony or inconsistent with other provisions. *See Tex. Dep't of Transp. v. Needham,* 82 S.W.3d 314, 318 (Tex. 2002). Nothing in the wording of section 408.221, in its entirety, or in subsections (c) or (d), more specifically, indicates the Legislature intended the commissioner or trial court to determine attorney's fees under subsection (a), but a jury to determine attorney's fees under subsection (c).

The majority's holding that a jury must determine the reasonableness and necessity of the fees is premised on its conclusion that provisions authorizing the recovery of a claimant's attorney's

fees under section 408.221(c) must be interpreted "in view of . . . Supreme Court precedent recognizing the general right to a jury determination of the reasonable amount of attorney's fees." I believe the cases upon which the majority relies are distinguishable.  In *City of Garland v. Dallas Morning News*, 22 S.W.3d 351 (Tex. 2000), the Texas Supreme Court considered whether the trial judge, and not a jury, determines the amount of attorney's fees under the Texas Public Information Act, which provided at the time of the decision as follows:

> (a) In an action brought under Section 552.321 [suit for writ of mandamus under the Act] . . . , the court may assess costs of litigation and reasonable attorney fees incurred by a plaintiff or defendant who substantially prevails.

> (b) In exercising its discretion under this section, the court shall consider whether the conduct of the governmental body had a reasonable basis in law and whether the litigation was brought in good faith.

*See* Act of May 27, 1999, S.B. 1851 § 29, 76th Leg., R.S.  (codified at TEX. GOV'T CODE ANN. § 552.323 (Vernon 2004)).

The Dallas Morning News argued that by including the "court" language and omitting any provision for a jury determination, the Legislature indicated its intent that section 552.323 required the trial judge to determine the amount of attorney's fees.  22 S.W.3d at 367.  The Court disagreed, and held that, because subsection 552.323(a) states the trial court "may" assess attorney's fees, "the trial judge decides whether to award attorney's fees under the Act."  *Id.*  However, acknowledging that "section 552.323 does not dictate how to determine the attorney's fees amount, except that the award must be 'reasonable'," the Court relied on its interpretation of similar statutory language in *Bocquet v. Herring*, 972 S.W.2d 19 (Tex. 1998), and stated "[i]n general, the reasonableness of statutory attorney's fees is a jury question."  *Id.*  (citing *Bocquet*, 972 S.W.2d at 21).

In *Bocquet*, the issue before the Court was "what standard is . . . an award of attorney fees [under the Declaratory Judgment Act] to be reviewed on appeal." 972 S.W.2d at 20. The Act provides that in any proceeding under the Act, "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (Vernon 2008). The Supreme Court first held that the Declaratory Judgment Act "affords the trial court a measure of discretion in deciding whether to award attorney fees or not" because the Act did "not require an award of attorney fees to the prevailing party. Rather, it provides that the court 'may' award attorney fees." *Bocquet*, 972 S.W.2d at 20. Noting that two of the four limitations imposed on the trial court's discretion were that fees must be reasonable and necessary, the Court then held, "[i]n general, '[t]he reasonableness of attorney's fees, the recovery of which is authorized by . . . statute, is a question of fact for the jury's determination'" and "that fees must be necessary, is likewise a fact question." *Id.* at 21 (citation omitted).

I believe the wording of the statutes considered by the Supreme Court in *City of Garland* and *Bocquet* is the distinguishing factor. Neither the Texas Public Information Act nor the Declaratory Judgment Act state how to determine the amount of attorney's fees. Section 408.221 of the Texas Worker's Compensation Act, on the other hand, specifically directs either the commissioner or *the court* to (1) approve the attorney's fees, (2) consider written evidence of the attorney's time and expenses, (3) consider seven factors with regard to the reasonableness and necessity of the fees, and (4) if necessary, apportion the fees. *See* TEX. LABOR CODE ANN. § 408.221(a), (b), (c), (d). Accordingly, I do not believe the Supreme Court's statement that "*[i]n general*, the reasonableness of statutory attorney's fees is a jury question" controls the issue here and, instead, the attorney's fees

issue under section 408.221 is for the trial court to determine. *See City of Garland*, 22 S.W.3d at 367 (citing *Bocquet*, 972 S.W.2d at 21) (emphasis added).

For the reasons stated above, I would hold that the determination of whether to award attorney's fees and the "reasonable and necessary" amount to be awarded under section 408.221 must be made by either the commissioner or the trial court, and not a jury. *See also Ins. Co. of Penn. v. Muro*, No. 05-07-00279, 2009 WL 620990, at *6 (Tex. App.—Dallas Mar. 12, 2009, pet. filed) (holding that, even under a fee-shifting scheme and where reasonableness and necessity of attorney's fees is contested, it was not necessary for claimant to obtain jury findings with regard to her award of attorney's fees); *Transcontinental Ins. v. Crump*, 274 S.W.3d 86, 100-02 (Tex. App.—Houston [14th Dist.] 2008, pet. filed) (jury trial on attorney's fees not constitutionally required in worker's compensation case); *Dean Foods Co. v. Anderson*, 178 S.W.3d 449, 455 (Tex. App.—Amarillo 2005, pet. denied) ("Attorney's fees must be approved by TWCC or the trial court and must be based upon the attorney's time and expense as evidenced by written documentation. . . . However, the manner and amount of the award of attorney's fees is within the trial court's discretion.").

## PLENARY HEARING[1]

The trial court awarded attorney's fees based on opposing affidavits without hearing the testimony of any witness. On appeal, Discover Property & Casualty Insurance Company asserts it was entitled to a plenary hearing, *i.e.*, a full evidentiary hearing, on the contested issue of the reasonableness and necessity of the fees awarded to Charles Tate. I agree.

---

[1] As the majority notes, a plenary hearing involves witnesses presenting testimony in court or by deposition, and thus subject to cross-examination, rather than by affidavit. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 269 (Tex. 1992).

Section 408.221 does not address whether the trial court must conduct a plenary hearing when attorney's fees are disputed; the only requirement is that "an attorney's fee under this section [be] based on the attorney's time and expenses according to *written evidence presented to* the division or court." TEX. LABOR CODE ANN. § 408.221(b) (emphasis added). I do not interpret this section as prohibiting a full evidentiary hearing, if requested, at which witnesses are subject to cross-examination.

Section 408.221 does not state the trial court should decide the amount of attorney's fees in a summary fashion. When the reasonableness and necessity of attorney's fees is contested, I believe the trial court, upon request, must conduct "a plenary hearing, that is, a hearing at which witnesses present sworn testimony in person or by deposition rather than by affidavit" "to determine the disputed facts." *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 269 (Tex. 1992) (holding, "trial court may summarily decide whether to compel arbitration on the basis of affidavits, pleadings, discovery, and stipulations. However, if the material facts necessary to determine the issue are controverted, by an opposing affidavit or otherwise admissible evidence, the trial court must conduct an evidentiary hearing to determine the disputed material facts."). Also, "[e]ven when deciding controverted material facts in a matter for which the Legislature has prescribed summary disposition, we require trial courts to conduct an evidentiary hearing to resolve those disputed facts." *General Motors Corp. v. Bloyed*, 916 S.W.2d 949, 958 (Tex. 1996) (remanding to trial court for plenary hearing on approving class action settlement).

Therefore, "[g]iven the heightened responsibility of the trial court in approving [the award of attorney's fees under Texas Labor Code section 408.221], . . . a plenary hearing, with the opportunity for questioning by the court and vigorous cross-examination by counsel . . . should be

the general rule." *Id.* Here, neither party was afforded the opportunity to cross-examine any witness; therefore, I do not believe the disputed issue of whether the requested fees were necessary and reasonable could be determined in a summary fashion. *See Marker v. Garcia*, 185 S.W.3d 21, 27 n.3 (Tex. App.—San Antonio 2005, no pet.) (holding that the "credibility of the Garcias is likely to be a dispositive factor in the resolution of the case; therefore, the affidavits would not support a summary judgment in favor of the Garcias because the affidavits would not conclusively establish that the property was to be used as the Garcias' residence."). Accordingly, I would remand for the trial court to conduct a full evidentiary hearing on the attorney's fees issue. Because I would remand the cause to the trial court, I concur in the judgment.

Sandee Bryan Marion, Justice